20823

HUNTER & WALDEN COMPANY, INC., Respondent, v. SOUTH CAROLINA STATE LICENSING BOARD FOR CONTRACTORS, John W. R. Pope, J. E. Waldrup, R. B. Russell, Marshall E. Walker, H. M. Mims, as members of the Board, their successors in interest, and H. Brunson Ross, Executive Director of the Board, Appellants.

(251 S. E. (2d) 186)

*Atty. Gen. Daniel R. McLeod,* and *Asst. Attys. Gen. Richard P. Wilson* and *Charles H. Richardson,* Columbia, *for appellants.*

*Timothy G. Quinn,* Columbia, *for respondent.*

November 28, 1978.

NESS, Justice:

The sole issue in this appeal is the validity of a regulation promulgated by the appellant, the South Carolina State Licensing Board for Contractors. Pursuant to Regulation 29-4, a contractor who is in compliance with Code Section 40-11-160 (1976) must show a net worth of $50,000 in order to be licensed. The trial court concluded that "the regulation bears no rational relationship to the job and is therefore arbitrary." (Tr. p. 5). We disagree and reverse.

Code Section 40-11-160 (1976) provides that the Board shall not issue a license to any contractor who contracts or intends to contract, for a job in excess of $75,000 "until such contractor furnishes the Board with a financial statement certified by a certified public accountant . . ." Despite this statute, respondent Hunter & Walden Company, Inc. refused to submit a financial statement along with an application for renewal of its contractor's license. The Board was

thus required, by statute, to refuse respondent's application for a license.

Moreover, we believe the challenged Board regulation requiring all applicants for an unlimited contractor's license to have a minimum net worth of $50,000, is valid. The Board has the power pursuant to Code § 40-11-40 (1976) to promulgate such rules and regulations "as it shall deem best, provided they are not in conflict with the laws of the State." The $50,000 net worth regulation is not in conflict with any statute, but is a natural amplification of the Code Section which requires that a financial statement be submitted.

> ■■ An administrative regulation is valid as long as it is reasonably related to the purpose of the enabling legislation.

*Mourning v. Family Publications Service, Inc.*, 411 U. S. 356, 93 S. Ct. 1652, 36 L. Ed. (2d) 318 (1973); 2 Am. Jur. (2d), Administrative Law, § 296; 73 C. J. S. Public Administrative Bodies and Procedure § 94. We conclude the challenged provision bears a reasonable relation to the statutory requirement that a financial statement be submitted with a contractor's license application. Accordingly, the trial court erred in holding it was arbitrary and invalid.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.