21978

Otis C. CARTER, Respondent, v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(306 S. E. (2d) 614)

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William L. Todd* and *Richard D. Bybee*, Columbia, *for appellant.*

*James R. Barber, III*, Columbia, *for respondent.*

August 18, 1983.

*Per Curiam:*

The respondent applied to the appellant for permits to erect two outdoor advertising signs near an interstate highway. The appellant rejected the applications and was sustained on an administrative appeal. The respondent appealed to the circuit court, which reversed the order of the administrative officer.

In our opinion, the circuit judge correctly decided the case; and we now adopt his order, which follows, as the opinion of the Supreme Court.

## ORDER

This matter came before me for hearing on January 21, 1981, on appeal from a denial by the Department of Highways and Public Transportation for outdoor advertising permits. Both parties were represented at the hearing. In reaching my decision, I have considered only the record certified for appeal, realizing that inasmuch as this is an appeal from an agency decision, it is governed by the dictates of the Administrative Procedures Act, § 1-23-380, *et seq.*, Code of Laws of South Carolina (1976) (1982 Supp.). That section provides in subparagraph (g):

"The court [on review] shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The testimony and evidence in the record must be examined in light of this standard of review and in view of the provisions of § 57-25-10, *et seq.*, Code of Laws of South Carolina (1976) and Rule 63-341, *et seq.*, Code of Laws of South Carolina (1976).

The hearing commissioner held that the application for an outdoor advertising permit must be denied since the location was not visible from the main-traveled way; that it failed to meet the requirements of Rule 63-342 U. 9., Code of Laws of South Carolina (1976) and § 57-25-120(e)(5), Code of Laws of South Carolina (1976), which provides: ' "Commercial or industrial activities" means those established activities generally recognized as commercial or industrial by zoning authorities within the State, except that none of the following shall be considered commercial or industrial activities: . . . (5) Activities not visible from main-traveled way.' That rule and code section dictate that in order to be considered an unzoned commercial or industrial activity [and thus allowed to display signs under § 57-25-140, Code of Laws of South Carolina (1976)], the activity must be visible from the main-traveled way. The hearing commissioner found as a fact that 'The activity "Bryant's Store" is not recognizable as a "commercial activity" from the main-traveled way' and concluded that the location thus did not qualify for an outdoor advertising permit.

The testimony, photographs in evidence and the plain words of Rule 63-342 J, Code of Laws of South Carolina (1976), indicate that the commissioner's finding was erroneous. Six witnesses testified at the hearing, each of them concurring that Bryant's Store was visible from I-95. The photographs of the store taken from I-95 confirm their testimony. Rule 63-342 J reads as follows: 'Visible, means capable of being seen (whether or not legible) without visual aid by a person of normal visual acuity.' Therefore, the only requirement that must be met under the Rule and § 57-25-120(e)(5) is that the activity be visible from the main-traveled way.

The commissioner apparently used another definition for the word 'visible,' employing a standard not mandated by the Code or the Rule. He seems to require that

the building be not only visible from the main-traveled way, but also discernible as an industrial or commercial activity. ' "Visible" means receivable by the eye whereas "discernible" means mentally receptible or distinguishable, capable of being discerned by the understanding and not merely by the senses.' *Colonial Trust Co. v. Elmer C. Breuer, Inc.,* 363 Pa. 101, 69 A. 2d 126, 129 (1949). Rule 63-342 J, the Department of Highways and Public Transportation's own administrative rule, demands only that the activity be 'capable of being seen *(whether or not legible)*, (emphasis added), and nothing more.

I find that the hearing commissioner exceeded his authority by requiring the petitioner to meet a standard not set forth in the Code and that his conclusion was clearly erroneous in view of the evidence in the record. It is, therefore,

ORDERED that the decision of the hearing commissioner be, and it is hereby, reversed. It is further

ORDERED that the Department of Highways and Public Transportation issue a permit for outdoor advertising signs to the petitioner.

We affirm the judgment of the circuit court and enter the order of the circuit court as the directive of the Supreme Court.