### 67951. DEPARTMENT OF TRANSPORTATION v. SAPP OUTDOOR ADVERTISING COMPANY.

CARLEY, Judge.

Appellee Sapp Outdoor Advertising Company (Sapp) is the owner of an outdoor advertising sign located 10 feet from the edge of the right of way of Interstate 16 in Laurens County. The sign was erected in 1967, and was classified by appellant Department of Transportation (DOT) as a "nonconforming sign." A "nonconforming sign" is one which could not legally be newly erected under the present Georgia Code of Public Transportation, but which is allowed to remain because it predates that Act. See OCGA § 32-6-50 et seq. In September 1981, Sapp applied to DOT to have the sign reclassified as a "conforming sign." Sapp sought the reclassification in order to raise the height of the sign, which would be prohibited so long as the sign was classified as nonconforming. In its application, Sapp contended that the sign should be reclassified as a conforming sign because it was located within an unzoned commercial area. See OCGA § 32-6-72 (5). An unzoned commercial area is defined, in pertinent part, as an area which is "not zoned by state law or local ordinance and on which there is located one or more permanent structures devoted to an in-

dustrial or commercial activity or on which an industrial or commercial activity is actually conducted, whether or not a permanent structure is located thereon. . . ." OCGA § 32-6-71 (25). The alleged "commercial activity" relied upon by Sapp was the activity of one wrecker service operating out of a trailer park. DOT denied Sapp's application, and Sapp requested an administrative hearing. The State Hearing Officer found that the sign was properly classified by DOT as "nonconforming" under both the Georgia Code of Public Transportation Act and the applicable Laurens County sign ordinance. DOT adopted the State Hearing Officer's findings of fact and conclusions of law as its final agency decision. Sapp filed a petition for judicial review in the superior court. Following a hearing, the superior court reversed and ordered the issuance of a conforming sign permit to Sapp. This court granted DOT's discretionary appeal from the order of the superior court.

1. DOT asserts that the superior court erroneously substituted its judgment for that of DOT as to the weight of the evidence regarding the sign's location within an unzoned commercial area.

Insofar as it is relevant to this enumeration of error, the final order of DOT contained the following conclusion of law: "That under [OCGA § 32-6-71 (7) (D) & (F)] of the Georgia Code of Public Transportation, the activity in issue cannot be classified as commercial within the meaning of the Outdoor Advertising Act." OCGA § 32-6-71 (7) (D) provides that the following will *not* be considered a commercial activity: "Activities within 660 feet of the nearest edge of the right of way which from the main traveled way are not visible and are not recognizable as being commercial or industrial activities." The DOT final order did not contain an explicit finding that the wrecker service was not visible and not recognizable as being commercial activity. However, by its conclusion that, under OCGA § 32-6-71 (7) (D), the activity at issue could not be classified as commercial, such a factual finding was necessarily implicit.

The instant action was filed under the provisions of the Georgia Administrative Procedure Act. OCGA § 50-13-19 (h) provides in relevant part that the superior court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." If there is any evidence to support the findings of the state agency, the superior court must affirm. *Ga. Real Estate Comm. v. Hooks*, 139 Ga. App. 34, 35 (227 SE2d 864) (1976); *Dept. of Transp. v. Rushing*, 143 Ga. App. 235 (2) (237 SE2d 722) (1977).

Our review of the record reveals that there was some evidence before DOT that the wrecker service is not visible and is not recognizable from Interstate 16 as being commercial activity. Accordingly, in finding that the wrecker service was a commercial activity being conducted in an unzoned commercial area, the superior court erroneously

substituted its own judgment for that of DOT as to the weight of the evidence.

2. In light of our holding in Division 1, it is unnecessary to address the remaining enumeration of error.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

### DECIDED JUNE 18, 1984.

Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Charles M. Richards, Assistant Attorney General, for appellants.

David H. Flint, H. Lehman Franklin, Jr., for appellee.