**OSAGE OUTDOOR ADVERTISING, INC., Respondent,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.**

No. WD 34452.

Missouri Court of Appeals, Western District.

Aug. 28, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 30, 1984.

Application to Transfer Denied Dec. 18, 1984.

Bruce A. Ring, Dennis J. Redel (argued), Jefferson City, for appellant.

Alex Bartlett, John S. Pletz (argued), Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

The Missouri Highway and Transportation Commission appeals from an order of the circuit court declaring invalid the Commission's rule pertaining to the issuance of permits for billboards to be erected in areas unzoned for commercial and industrial use, 7 CSR 10–6.040. We reverse the judgment of the circuit court and reinstate the ruling of the commission.

In November of 1981, Osage Outdoor Advertising, Inc., submitted an application to the Missouri Highway and Transportation Commission for permits to erect two outdoor billboards adjacent to a KOA campground in an unzoned area in Montgomery County. The campground is located along Interstate Highway 70. The commission refused to issue the requested permits on the grounds that the campground was not an unzoned commercial or industrial activity under 7 CSR 10–6.040(3)(B)2 [1] and the commission's construction of the applicable statute, § 226.540(5)(d).[2] Osage filed a petition for a writ of mandamus in the circuit court seeking an order directing the commission to issue the requested permits. The circuit court held that the commission's rule and interpretation of the applicable statute were beyond its statutory authority and therefore invalid. The agency's rule and interpretation were the only grounds for its denial of Osage's application. Accordingly, the court ordered the commission to issue the permits.

The Missouri General Assembly in response to federal legislation enacted §§ 226.500–226.600 regulating the erection of billboards along the interstate highways and primary highways within the state. Section 226.530 authorizes the Missouri Highway and Transportation Commission to administer and enforce Missouri's billboard laws. Section 226.540 authorizes the erection of billboards in unzoned areas where commercial or industrial activities are conducted.

Section 226.540(5) defines commercial or industrial activities as follows:

"Commercial or industrial activities" as used herein shall mean those which are generally recognized as commercial or industrial by zoning authorities in this state, except that none of the following shall be considered commercial or industrial:

. . . .

(d) Activities more than six hundred sixty feet from the nearest edge of the

---

**1.** References to "CSR" are to Missouri's Code of State Regulations.

**2.** Unless otherwise indicated, all sectional references are to Revised Statutes of Missouri, 1978.

right-of-way or not visible from the main traveled way ....

Osage's application for a permit was premised on the conclusion that the KOA campground is an unzoned commercial activity which is located within 660 feet of the interstate highway.

The parties have stipulated that, if the campground is a "commercial activity" within the meaning of the above statutes, then the respondent should be allowed to erect its proposed billboards. Only part of the campground lies within 660 feet of the highway. The buildings and structures of the business are located beyond the 660 foot perimeter, but a fishing pond and several camper parking stalls fall within the perimeter. The lagoon and the parking surface are not visible from the highway, but when campers are parked in the stalls the campers themselves are visible. The commission based its rejection of Osage's application on 7 CSR 10–6.040(3)(B)2 [3] and its interpretation of § 226.540(5)(d). The commission decided that the commercial activities of the campground within 660 feet of the highway, the stalls and the pond, are not visible from the highway and therefore the campground is not the requisite commercial activity.

Osage filed a petition for a writ of mandamus in the circuit court alleging that the commission's rule, 7 CSR 10–6.040(3)(B)2, was not within its statutory authority and that the commission's interpretation of § 226.540(5)(d) was inconsistent with the statute and beyond its authority. The case was tried to the court based upon stipulations of fact and testimony. The trial court found for Osage and issued an order holding the statutory construction and the commission's rule invalid and directing the commission to issue the permits.

The commission raises two points on appeal. First, when it held that 7 CSR 10–6.-040(3)(B)2 was beyond the commission's authority, the trial court erred because that rule is of minimal necessity to insure that Missouri will continue to receive federal highway funding which is contingent upon the state's compliance with the federal billboard statutes and regulations. Second, the trial court erred in directing the commission to issue the permits since the KOA campground is not a commercial or industrial activity for purposes of the applicable Missouri and federal statutes, rules and regulations.

■ At the outset we note, that the scope of our review of a challenged agency rule is set forth in *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197–98 (Mo. 1972) (en banc), as follows:

> Rules and regulations are to be sustained unless unreasonable and plainly inconsistent with the act, and they are not to be overruled except for weighty reasons.... The burden is upon those challenging the rules to show that they bear no reasonable relationship to the legislative objective.... The interpretation and construction of a statute by an agency charged with its administration is entitled to great weight.... Administrative rules should be reviewed in light of the evil they seek to cure and are not unreasonable merely because they are burdensome. (Citations omitted.)

Section 226.530 limits the authority of the commission "to promulgate only those rules and regulations [that are] of minimal necessity ... to secure to this state any federal aid contingent upon compliance with federal laws, rules and regulations relating to outdoor advertising." To be valid and within the commission's authority, the rule challenged in this case must not

---

**3.** That paragraph reads:

2. Visible and Recognizable Activities. Activities which are visible to a motorist of normal visual acuity traveling at the maximum speed limit posted on the main traveled way of the adjacent interstate or primary highway but which are not recognizable or obvious as a commercial or industrial establishment or activ-

ity to such motorist do not constitute commercial or industrial activities for the purpose of determining an unzoned commercial or industrial area. A motorist of normal visual acuity is any person licensed by the state of Missouri to operate a motor vehicle upon the highways of this state.

be unreasonable and plainly inconsistent with the statutory authority to promulgate rules of minimal necessity to secure federal aid. To decide whether the rule meets the minimal necessity test, we briefly review the history of the Missouri billboard statutes.

Section 131 of Title 23, United States Code, requires the various states to provide for effective control of outdoor advertising and authorizes the Secretary of Transportation to withdraw a portion of federal highway funding as a penalty for non-compliance. In 1971, the federal highway authorities decided that the state's then existing billboard statutes were not in compliance with 23 U.S.C. § 131. As a result, the General Assembly amended § 226.500 through § 226.600 to bring the Missouri legislation into compliance. (*See Eller Outdoor Advertising v. Missouri State Highway Commission*, 629 S.W.2d 462, 463–64 (Mo.App.1981), for a summary of the legislative history of the acts.) Section 131(d) further provides for the erection and maintenance of outdoor advertising within 660 feet of the interstate highway system in zoned industrial and commercial areas "or in unzoned commercial or industrial areas determined by agreement between the several States and the Secretary" of Transportation.

In February of 1972, the Secretary and the commission entered into an agreement pursuant to 23 U.S.C. § 131(d). The relevant portion of the agreement is the exact language of § 226.540(4) and (5)(d). The legislature's word-for-word adoption of the agreement's language shows its intent to comply with the letter of the federal statutes and regulations. That intent is explicitly expressed in the concluding paragraph of § 226.540(5) which provides as follows:

The words "unzoned commercial or industrial land" shall also include all areas not herein specified which constitute an "unzoned commercial or industrial area" within the meaning of the present section 131 of Title 23 of the United States Code, or as said statute may be hereafter amended. As used herein, the words "zoned commercial or industrial area" shall refer to those areas zoned commercial or industrial by the duly constituted zoning authority of a municipality, county, or other lawfully established political subdivision of the state, or by the state.

In June of 1976, the United States Department of Transportation reviewed the Missouri billboard program and issued a report which cited a number of Missouri violations. The commission's rule challenged in this case was passed in response to one of the cited violations. The applicable section of the report states:

The State has recognized certain activities as unzoned commercial or industrial enterprises for the purpose of permitting sign erection where such recognition is inconsistent with the intent of certain provisions of the agreement between Missouri and the Secretary of Transportation effective March 31, 1972. *Specifically, the State has recognized activities which are not visible as commercial activities from the main-traveled way and activities that are agricultural or agriculture-related.*

In the first instance, the terms of the agreement prohibit recognition of activities "more than 660 feet (201.168m) from the nearest edge of the right-of-way or not visible from the main-traveled way." The purpose of this proviso is that the motorist need only be subjected to viewing billboards in areas recognizable as commercial or industrial. If *an activity is more than 660 feet* (201.168m) [sic] from the right-of-way or if the activity is not visible to the degree that it is recognizable as a commercial or industrial activity, it should not be allowed as the basis for an unzoned area. If, for example, a portion of the physical structure of a commercial activity is technically visible but the activity is not visible to the degree that it is recognizable as a commercial activity, it should be discounted. (Emphasis added.)

The commission's rule incorporated in 7 CSR 10–6.040(3)(B)2, as we have said, was passed in response to that 1976 review. As

can be seen by comparing the commission's rule and the Transportation Department report, the rule does no more than follow the recommendation of the report to bring Missouri's program into compliance with the federal program.

■ The federal agency need not threaten to cut off federal funding before the commission may promulgate rules in response to federal review. The Secretary of Transportation has the authority to penalize a state for non-compliance. The report of the Department of Transportation found instances of non-compliance by the State of Missouri. The challenged rule in this case was promulgated to correct one of those instances of non-compliance, a correction necessary to insure that the state would not suffer the loss of federal monies. § 226.530; *Osage Outdoor Advertising, Inc. v. State Highway Commission of Missouri,* 624 S.W.2d 535 (Mo.App.1981). Considering its history, purpose and language, we cannot say that 7 CSR 10–6.040(3)(B)2 is unreasonable or, in light of the secretary's review, plainly inconsistent with the authority granted to the commission to promulgate rules to insure the continuance of federal funds. The rule is, therefore, within the authority of the agency and is valid.

The commission's second point is that the circuit court erred in ordering it to issue the permits to Osage on the grounds that no requirement exists that the portion of the commercial activity which is within the 660 foot perimeter be visible from the main traveled way if some contigous portion of the activity is within 660 feet of the right-of-way. The commission's refusal to issue the permits was premised on its construction of § 226.540(5)(d), which states that an activity that is generally recognized as commercial or industrial by zoning authorities is not a commercial or industrial activity for purposes of the act if it is either, "more than six hundred sixty feet from the nearest edge of the right-of-way or not visible from the main traveled way."

The commission in this case has construed the provision to ban billboards if the activity is more than 660 feet from the highway and also if the activity is within 660 feet but the activity within 660 feet is not a visible and recognizable commercial activity from the main traveled way. Osage contends that the provision only requires that some portion of the activity be within the 660 feet and that some portion be visible, but that the visible part need not be within 660 feet.

■ A couple of statutory rules of construction aid us in our construction of the provision in question here. First, the legislature is presumed not to intend to pass meaningless statutory provisions. *Bartley v. Special School Dist. of St. Louis County,* 649 S.W.2d 864 (Mo.1983) (en banc). The court must construe a statute in light of the purposes the legislature sought to accomplish and the evils it intended to cure. *Person v. Scullin Steel Co.,* 523 S.W.2d 801, 803 (Mo.1975) (en banc).

■ One of the purposes of the instant statute is "to preserve the natural scenic beauty of highways and adjacent areas." § 226.500. The commission's construction of the provision is consistent with that purpose and gives effect to the phrase in § 226.540(5)(d), "or not visible from the main traveled way."

■ The first half of § 226.540(5)(d), excludes commercial areas more than 660 feet from the highway right-of-way from being considered commercial activities which would allow the erection of a billboard in any unzoned location. That first part of the sub-section (5)(d) imposes no visibility requirement; such areas are irrelevant and are excluded whether or not they are visible from the highway. The second half of sub-section (5)(d) excludes areas not visible from the highway. Since areas beyond the 660 foot perimeter are already excluded, this second part of the sub-section (5)(d) can only apply to areas within the 660 foot perimeter. Any other construction would fail to give effect to the second part of the sub-section since no visi-

bility requirement is imposed for excluded areas beyond the 660 feet.

 This construction of the statute furthers the purpose of the billboard laws to preserve the natural scenic beauty of highways and adjacent areas. § 226.500; *Scullin Steel, supra,* 523 S.W.2d at 803. The underlying rationale for allowing billboards in unzoned locations with commercial or industrial activity is that the natural scenic beauty of such an area is already disrupted by the activity, and, therefore, no preservation purposes would be advanced by banning billboards in those locations. But, where an activity is more than 660 feet from the right-of-way, the natural state of an area adjacent to the interstate highway has not been disrupted. Similarly, if the activity is within the 660 foot distance but it is not a visible and recognizable commercial or industrial activity, the natural state of the area is also not disrupted. Osage's construction of § 226.540(5)(d) would drain the substance from that part of subsection (5)(d) and defeat its purpose. Such a construction could lead to billboards being erected in unspoiled areas where a visual commercial activity is a great distance from the highway and a contiguous but not visible portion is within the perimeter. The commission's construction of the provision is also consistent with the 1976 review and report of the Secretary of Transportation and thus helps to insure the uninterrupted flow of federal funds to the state. For the purposes of the applicable statutes, the instant KOA campground is not a commercial or industrial activity.

Accordingly, we hold that the commission had the authority to promulgate 7 CSR 10–6.040(3)(B)2 and that regulation is valid. The order of the trial court directing issuance of the permits to Osage is reversed, and the commission's ruling denying the permits pursuant to § 225.540(5)(d) and 7 CSR 10–6.040(3)(B)2 is affirmed and reinstated.

All concur.