STATE of Missouri ex rel. WHITECO
METROCOM, f/d/b/a White
Advertising International, Appellant,

v.

STATE HIGHWAY AND TRANSPORTA-
TION COMMISSION of the State of
Missouri, Respondent.

No. WD 36073.

Missouri Court of Appeals,
Western District.

April 2, 1985.

As Modified April 16, 1985.

Stephen G. Newman, Hawkins, Brydon
and Swearengen P.C., Jefferson City, for
appellant.

Bruce A. Ring, Chief Counsel, Dennis J.
Redel, Asst. Counsel, Missouri Highway
and Transp. Com'n, Jefferson City, for re-
spondent.

Before CLARK, P.J., and TURNAGE
and KENNEDY, JJ.

CLARK, Presiding Judge.

Appellant owns an outdoor advertising
sign located in Marion County on Route 36.
In March, 1978, the Commission notified
appellant to remove the sign because it was
in violation of the location provisions con-
tained in §§ 226.520 and 226.540, RSMo.
1969. Appellant obtained review of the
removal order and appeals the decision by
the circuit court of Cole County affirming
the original commission decision. Af-
firmed.

The facts of the case were stipulated.
The sign was erected May 30, 1968. It is
therefore a pre-existing non-conforming
sign entitled to a permit if it was in compli-
ance with the location and other require-
ments of the statutes which preceded
§ 226.550.2(2) and the other sections of the
Billboard Act, RSMo.1978. The further
facts stipulated were that Marion County
did not adopt comprehensive zoning until
October 1, 1969 after the subject sign was
erected, that the land on which the sign is
located is zoned agricultural and that the
sign is situated within 660 feet of the
Route 36 right-of-way.

■ In the first point, appellant contends
the decision ordering removal of the sign
must be reversed because recourse to the
Marion County zoning law adopted after
appellant's sign was in place gives the zon-

ing law retrospective effect in violation of Article I, § 13 of the Missouri Constitution prohibiting ex post facto laws. We do not reach the merits of this proposition. Appellant made no mention of the constitutional claim in proceedings before the Commission or in its petition for review in the circuit court. Constitutional questions must be presented at the first opportunity. *Independent Stove Co., Inc. v. State Highway Commission*, 625 S.W.2d 246 (Mo. App.1981). Appellant waived its right to raise the issue when it did not present the contention in its appearance before the Commission and it may not raise the claim for the first time on appeal. *Osage Outdoor Advertising Inc. v. State Highway Commission*, 687 S.W.2d 566 (Mo.App. 1984).

■ In the second point, appellant asserts that the Commission failed to carry its burden of proving the subject sign to be unlawful because the Commission did not prove the sign was not located within one thousand feet of a commercial or industrial activity. Some explanation of the intricacies of the statutes is necessary to understand the claim.

Under § 226.550.2(2), RSMo.1978, signs erected before March 30, 1972 but on or after January 1, 1968 are entitled to receive a permit if the sign was lawfully in place under existing law when the sign was erected. As regards the subject sign, its location within 660 feet of the nearest highway right-of-way was unlawful under the prior statute, § 226.520, RSMo.1969 unless the sign came within the exception of § 226.520(5), RSMo.1969. That exception permits such signs if they are located in unzoned commercial or industrial areas as defined and determined pursuant to §§ 226.500 to 226.600.

Section 226.540.4, RSMo.1969 relevant here defines unzoned commercial or industrial areas as all unzoned land within one thousand feet of any commercial or industrial activity other than outdoor advertising. Thus, appellant's sign was lawfully erected in 1968 only if, at the time, it was within one thousand feet of commercial or industrial activity. The stipulation of facts set out that no commercial or industrial activity was present within one thousand feet of the sign when the Commission made its inspection in 1973, but the record is silent as to what conditions prevailed in 1968.

Appellant claims the burden was on the Commission in this case to present evidence showing the lack of any commercial or industrial activity within one thousand feet of the sign in 1968 when it was erected. Absent that proof, appellants argue they are, in effect, entitled to a presumption the sign was lawful. The contention fails because under the general statute, the sign was unlawful. It is only by reason of an exception associated with industrial and commercial activity that the sign may be qualified. It was appellant's burden to prove that the sign came within the exception.

In *Superior Outdoor Advertising Co. v. State Highway Commission*, 641 S.W.2d 480 (Mo.App.1982), it was noted that the Commission could not possibly be held to the burden of negating all possible exceptions under which a sign might be lawful. There, Superior had the obligation to offer evidence supporting its claim that the sign in question was lawful because it was tourist oriented. The opinion adopted the language of *Federal Trade Commission v. Morton Salt Co.*, 334 U.S. 37, 44–45, 68 S.Ct. 822, 827–828, 92 L.Ed. 1196 (1948):

"[T]he general rule of statutory construction [is] that the burden of proving justification or exemption under a special exception to the prohibition of a statute generally rests on one who claims its benefits, ..."

Appellant cites and relies on *State ex rel. White Advertising International v. State Highway Commission*, 655 S.W.2d 860 (Mo.App.1983) where one of the issues was the location of a sign within or without one thousand feet of commercial or industrial activity. The court there said "We will assume without deciding that the Commission had the burden to prove the unlawful-

ness of the sign for which it issued its notice to remove." *Id.* at 862. Although the opinion did then undertake to demonstrate that the Commission had sustained the burden of proof, the observation quoted does not purport to be an authoritative statement of the law and was not a necessary component of the decision. The rule on burden of proof in the circumstance of exemption under a special statute is as set out in *Superior Outdoor, supra. See* 2 Am.Jur.2d *Administrative Law,* § 391 (1962) and 82 C.J.S. *Statutes* § 382 (1953).

The judgment is affirmed.

All concur.