OSAGE OUTDOOR ADVERTISING, INC., Plaintiff-Appellant,

v.

STATE HIGHWAY COMMISSION OF MISSOURI, Defendant-Respondent.

No. WD 36737.

Missouri Court of Appeals, Western District.

Oct. 22, 1985.

assumption cannot be confirmed.

Alex Bartlett, John S. Pletz, Jefferson City, for plaintiff-appellant.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Jefferson City, for defendant-respondent.

Before SHANGLER, P.J., and TURNAGE and BERREY, JJ.

BERREY, Judge.

Appellant seeks review of the order of the respondent, the Missouri State Highway Commission, directing the removal of a billboard without compensation. The circuit court of Cole County affirmed the decision of the respondent. This court affirms.

The facts in this case were stipulated. Appellant erected an outdoor advertising sign in June, 1971. The sign is located 1.25 miles west of Route T on the south side of the highway. Its location in Pettis County is within an unzoned area and is not situated within an incorporated municipality.

The sign is located within 660 feet of the right-of-way to Route 50. It is also within 1,000 feet of railroad tracks which are visible from Route 50 as well as the billboard. The tracks are the mainline of the Missouri Pacific Railroad which runs between Sedalia and Kansas City. The tracks are located on the other side of the highway from the billboard.

On January 1, 1968, Missouri's first comprehensive outdoor advertising control law became effective (referred to as SB 8). This law was passed in response to the Federal Highway Beautification Act of 1965, 23 U.S.C. section 131, requiring a state's compliance in the regulation of outdoor advertising in order to secure federal highway monies. This law was modified in 1972 again in response to a federal mandate. Further definitional modifications were made in 1976. *See Eller Outdoor Advertising v. Missouri State Highway Commission*, 629 S.W.2d 462, 463–464 (Mo. App.1981) (contains a comprehensive history of outdoor advertising law in sections 226.500–226.600).

Because the sign was erected by Osage after January 1, 1968, but before March 30, 1972, the issue is whether the sign was erected in violation of the location restrictions of section 226.540(4), RSMo 1969. Section 226.570, RSMo 1969 states the State Highway Commission is directed to pay just compensation upon the removal of outdoor advertising signs which were *lawfully* erected on or after January 1, 1968. Signs which are erected that do not comply with the location restrictions set forth under the act, however, are subject to removal without such payment. *National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536, 541 (Mo.App.1977).

Section 226.520, RSMo 1969, precludes the erection of outdoor advertising within 660 feet of the nearest edge of a right-of-way and which is visible from the main traveled way of any interstate or primary highway. This section then sets forth the exceptions to that general rule. Subsection 5 lists "any outdoor advertising located in unzoned commercial or industrial areas as defined and determined pursuant to sections 226.500 to 226.600." as one of those exceptions. In section 226.540(4) the legislature described "commercial or industrial areas" as those:

Consistent with zoning principles and standards applicable in this state, in-

clude: all land so zoned; *all unzoned land within 1,000 feet of any commercial or industrial activity other than outdoor advertising.*

■ Appellant argues that the railroad tracks should be defined as "commercial or industrial activity." Appellant quotes *Reiser v. Meyer*, 323 S.W.2d 514, 521 (Mo. App.1959) which states "the term "commercial" in its broad sense comprehends all business, while in a narrow sense it includes only those enterprises engaged in buying and selling goods and services" for the proposition that by this definition railroad tracks as part of a commercial railroad is a "commercial activity." Appellant suggests railroad transportation is a service for which a fee is provided and, therefore, a commercial activity. Appellant's contention is without merit.

The statutory construction of "commercial or industrial activity" and the definitional parameters must be viewed in light of the purposes of the billboard statute. *Osage Outdoor Advertising Inc. v. Missouri Highway and Transportation Commission*, 680 S.W.2d 164, 169 (Mo.App. 1984). Section 226.500 states the purpose of the billboard law is "to promote convenience and enjoyment of highway travel and to preserve the natural scenic beauty of highway and adjacent areas." *State ex rel. State Highway Commission v. Heil*, 597 S.W.2d 257, 259 (Mo.App.1980). In *Osage, supra*, at 170, the court stated:

The underlying rationale for allowing billboards in unzoned locations with commercial or industrial activity is that the natural scenic beauty of such an area is already disrupted by the activity and, therefore, no preservation purposes would be advance by banning billboards in those locations.

If this court were to construe the word "commercial" to encompass railroad tracks under the 1968 Act the purpose laid out in section 226.500 and its underlying rationale would be defeated. In Missouri, the countryside is laced with railroad tracks and the tracks have not been confined to a particular location such as in an industrialized area. If in 1971, the year the sign in issue was built, billboards were allowed to be constructed within 1,000 feet of the railroad tracks, such construction could have led "to billboards being erected in unspoiled areas." *Id.* at 170.

Railroad tracks are a component part to a method of transportation. This appendage cannot be categorized in the plain ordinary meaning of the words, as commercial or industrial, or an enterprise engaged in buying and selling of goods and services. Although appellant argues that customers must pay a fee for the use of the railroad, there are activities in which a fee is paid for a service which cannot be termed commercial or industrial such as crossing a public bridge where a toll is required.

■ Appellant next contends that because the legislature in 1972 amended section 226.540 to specifically exclude "railroad tracks and minor sidings" from the definition of "commercial or industrial activities" in subsection 5(f), that they were necessarily included in this definition prior to the amendment. This court does not agree with the argument raised by appellant.

It is recognized that where a statute has been amended the legislature intended to accomplish some purpose by that amendment. *O'Neil v. State*, 662 S.W.2d 260, 262 (Mo.banc 1983). *Osage, supra*, at 169. It is equally true that the legislature may have intended to clarify and detail an existing law rather than make a wholesale change. *State ex rel. Laclede Gas Co. v. Public Service Commission*, 535 S.W.2d 561, 567 (Mo.App.1976); *Mid-America Television Company v. State Tax Commission*, 652 S.W. 674, 679 (Mo.banc 1983). Based on the foregoing analysis this court believes that the legislature was merely clarifying existing law by this amendment.

The exclusion of railroad tracks from the definition of commercial or industrial activities is also supported by and consistent with the federal government's position that deference should be given to the states in defining "unzoned commercial and industri-

al areas" in attempting to comply with section 131 of 23 USC. *See* Cunningham, *Billboard Control under the Highway Beautification Act of 1965*, 71 Mich.L.Rev. 1296, 1301–1306 (1971). It is also in accordance with the federal government's purpose of controlling the aesthetic aspects of highway signboard construction. *Eller Outdoor Advertising, supra*, at 463.

■ Appellant also alleges that respondent's final decision and order was unconstitutional under Article I, section 13 of the Missouri Constitution because it gave retrospective effect to section 226.540(5)(f) RSMo, as amended in 1972. Plaintiff did not raise this issue before the commission or in its petition to the circuit court of Cole County. Accordingly, this issue cannot be reached on appeal pursuant to this court's holding in *State ex rel. Whiteco Metrocom v. State Highway & Transportation Commission,* 689 S.W.2d 366, 367 (Mo.App. 1985). Appellant attempts to distinguish this case by claiming this contention was made in its trial brief. This court in *Whiteco Metrocom,* however, specifically stated, "[a]ppellant waived its right to raise the issue when it did not present the contention in its appearance before the Commission...." *Id.* at 367. Assuming arguendo appellant had properly raised this point of error, retrospective application of the 1972 amendment was unnecessary to compel removal of the sign. There is no indication that the legislature intended or the commission treated or should have treated railroad tracks as a commercial or industrial activity in view of the analysis above.

The judgment of the circuit court of Cole County is affirmed.

All concur.