324 S.C. 1 (1997)
481 S.E.2d 112
U.S. OUTDOOR ADVERTISING, INC., Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Appellant.
Opinion No. 24563.
Supreme Court of South Carolina.
Heard December 5, 1996.
Filed January 27, 1997.
Rehearing Denied February 24, 1997.
*2 Barbara M. Wessinger, Columbia, for appellant.
C. Frederick Shipley, IV, West Columbia, and Ronald C. Scott, Columbia, for respondent.
WALLER, Justice:
Respondent, U.S. Outdoor Advertising, Inc. (US), sought an outdoor advertising permit to post a billboard along Interstate 95 (1-95) and U.S. Highway 52 in Florence. Appellant, South Carolina Department of Transportation (SCDOT) denied the permit; the circuit court reversed.

FACTS
In July, 1994, U.S. submitted an application to SCDOT to obtain an outdoor advertising permit for a Pilot Travel Center along (I-95) at Hwy. 52. The proposed billboard was to be located on a parcel of property occupied by Williams Electric Company, a commercial business.
SCDOT denied the permit on the ground that Williams Electric was not "visible" within the meaning of S.C.Code Ann. § 57-25-120(5)(f), as it was not "readily recognizable" from I-95 as a commercial industry. On appeal, the circuit court ruled that SCDOT'S requirement that a business be "readily recognizable" as a commercial activity impermissibly exceeded the meaning of "visible" in § 57-25-120(5)(f); SCDOT was ordered to issue the permit.

ISSUE
May SCDOT require that a business be "readily recognizable" *3 as a commercial activity?[1]

DISCUSSION
The Highway Beautification Act of 1965, 23 U.S.C. § 131 requires the various states to provide for control of outdoor advertising along federal highways, subject to a withdrawal of federal funding for non-compliance. In response to 23 U.S.C. § 131, the South Carolina General Assembly enacted the "Highway Advertising Control Act" (Act), S.C.Code Ann. § 57-25-110 et seq. (1991). The purpose of the Act, in part, is to prevent distraction of operators of motor vehicles, promote the safety, convenience, and enjoyment of travel on highways within this State, and preserve and enhance the natural scenic beauty and aesthetic features of highways and adjacent areas. S.C.Code Ann. § 57-25-130 (1991).
Pursuant to the Act, an advertising sign may not generally be posted along an interstate highway unless it fits within a certain exception. S.C.Code Ann. § 57-25-140. One such exception is that a sign may be constructed within 600 feet of a qualifying "unzoned commercial or industrial business." S.C.Code Ann. § 57-25-120(4), § 57-25-140(A)(8). A business does not qualify as a commercial or industrial activity unless it is "visible from the main traveled way." S.C.Code Ann. § 57-25-120(5)(f). SCDOT has, by regulation,[2] defined "visible" as "capable of being seen, and readily recognized as a sign or commercial or industrial activity by a person of normal visual acuity." 25A S.C.Code Ann.Reg 63-342(HH) (emphasis supplied). The question before us is whether this regulation impermissibly expands the requirement of "visibility" as set forth in § 57-25-120(5)(f). We find that it does not.
An administrative regulation is valid so long as it is reasonably related to the purpose of the enabling legislation. Hunter & Walden Co. v. South Carolina State Licensing *4 Board for Contractors, 272 S.C. 211, 251 S.E.2d 186 (1978). However, although regulations have the force of law, they may not alter or add to the terms of a statute. Goodman v. City of Columbia, 318 S.C. 488, 458 S.E.2d 531, (1995); Society of Prof'l Journalists v. Sexton, 283 S.C. 563, 324 S.E.2d 313 (1984). Here, the General Assembly specifically authorized SCDOT to enact regulations which are more limiting than the terms of the statute. S.C.Code Ann. § 57-25-220 states that "Nothing in this article abrogates or affects the provisions of a lawful ordinance which is more restrictive than the provisions of this article."[3] (emphasis supplied). Accordingly, in further defining the definition of "visible," SCDOT did exactly what it was authorized to do by the Legislature. Moreover, we find Reg. 63-342(HH) is reasonably related to the purpose of Highway Advertising Control Act and is clearly intended to further the public policy of the Highway Advertising Control Act.
U.S. contends our opinion in Carter v. S.C. Dept. of Highways, 279 S.C. 332, 306 S.E.2d 614 (1983) mandates a contrary result. We disagree.
In Carter, SCDOT denied an application for an outdoor advertising permit on the ground that the unzoned commercial activity in question was not recognizable as a commercial activity from the main highway. At the time, there was no regulation in effect requiring anything more than that a business be "visible." The circuit court found nothing in the S.C.Code or SCDOT's administrative regulations requiring a business to be discernible as an industrial or commercial activity, and, accordingly, reversed SCDOT's denial of the permit. This Court affirmed the circuit court's ruling, noting the absence of any administrative rule requiring a commercial activity to be discernible as such. Subsequent to our opinion in Carter, Reg. 63-342(HH) was amended to require that a business be "readily recognizable" as a commercial activity. Accordingly, unlike Carter, there now exists a valid regulation requiring an element of "recognizability." Moreover, other jurisdictions have upheld similar regulations.
In Osage Outdoor Advertising v. Missouri Highway and Transp. Comm., 680 S.W.2d 164 (Mo.App.1984), the court *5 upheld the Missouri Highway Department's regulation requiring an activity be "recognizable or obvious as a commercial or industrial activity." The United States Department of Transportation had specifically interpreted such language as requiring that "[i]f, for example, a portion of the physical structure of a commercial activity is technically visible but the activity is not visible to the degree that it is recognizable as a commercial activity, it should be discounted." 680 S.W.2d at 168 (emphasis supplied). Clearly, under Osage, the regulation in question is permissible. Two other courts have upheld similar provisions. See Blocher Outdoor Advertising v. Dept. of Transp., 347 N.W.2d 88 (Minn.App.1984) (requirement activity be a generally recognized commercial or industrial activity held within authority of Commissioner of Transportation); Department of Transportation v. Sapp Outdoor Advertising Co. 171 Ga.App. 228, 319 S.E.2d 87 (1984) (affirming denial of permit on basis activities not recognizable as being commercial or industrial).
We find that Reg. 63-342(HH) is within SCDOT's authority to enact, and that it permissibly defines "visible" in a manner consistent with the underlying policies of the Highway Advertising Control Act. Accordingly, the judgment below is
REVERSED.
FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.
NOTES
[1] It is essentially undisputed that Williams Electric was, in fact, operating as a "commercial activity," and that the business itself was "visible" from the main traveled highway.
[2] SCDOT is authorized by § 57-25-150(D) to promulgate regulations governing the issuance of permits. Young v. S.C. Dept. of Highways and Public Transp., 287 S.C. 108, 336 S.E.2d 879 (Ct.App.1985).
[3] 23 C.F.R. § 750.706(a) specifically allows states to adopt more restrictive criteria than the Federal Highway Act.