534 S.E.2d 698

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant,**

v.

**STARDUST AMUSEMENT COMPANY, Thomas H. Starnes, d/b/a Midway Truck Stop d/b/a Tommy's, Respondents.**

No. 25171.

Supreme Court of South Carolina.

Heard Oct. 6, 1999.

Decided July 10, 2000.

Carol I. McMahan, Nicholas P. Sipe and Harry T. Cooper, Jr., all of Columbia, for appellant.

Charles H. Williams and C. Bradley Hutto, both of Williams & Williams, of Orangeburg, for respondents.

FINNEY, Chief Justice:

Appellant, South Carolina Department of Revenue (Department), issued a "single place or premises" violation of S.C.Code Ann. § 12–21–2804(A) (Supp.1998) to respondents for failing to have an employee present pursuant to Regulation 117–190. The respondents appealed the violation to the Administrative Law Judge Division (ALJ) who determined as a matter of law that there was no violation. Department then appealed to the Circuit Court which affirmed the ALJ. We affirm.

*FACTS:*

Stardust Amusement Company (Stardust) is the licensee and owner of ten (10) Class III video poker machines located in a mall type arrangement in Orangeburg, South Carolina. On June 13, 1996, revenue officers for the Department made a routine inspection of the Class III video poker machines on the premises. The revenue officers entered through the main entrance and after entering the common area, they observed two rooms that had video poker machines in them. The video poker machines were on, the doors to the rooms were open, there were no closed signs on the doors, and the lights were on. There were no customers in the rooms and no employees. Revenue Officer D. Jackson Rash (Rash) testified that two of respondents' employees were in the common area. The two rooms with five machines in them are adjacent to the common area.

Rash testified that had the employees been standing in the rooms instead of the common areas then he would not have written a ticket. Customers could not get into the rooms without walking past the employees who were approximately five to ten feet away from the rooms. Rash testified that the

employees stated that they were assigned to the two locations. He then charged respondents with a "single place or premises" violation of S.C.Code Ann. § 12–21–2804(A) for failing to have an employee present pursuant to Regulation 117–190.

*ISSUE*

Does the "separate employee" requirement of 27 S.C.Code Ann.Reg. 117–190 require that one separate employee be within the four walls of each individual game room during business hours?

*DISCUSSION*

S.C.Code Ann.Reg. 117–190 provides:

A single place or premises must be a fixed location. It does not include moving property such as a boat or a train, unless such property is permanently affixed to a specific location.

A "single place" or "premises" means a structure surrounded by exterior walls or firewalls consistent with the requirements of the applicable building code (or where no building code is applicable, a one hour rated firewall), provided such exterior walls and firewalls may not have any windows, doors or other openings leading to another area where video game machines are located.

If a structure surrounded by exterior walls has two or more areas where video games are located, each surrounded by exterior walls or firewalls as defined and required above, the Department must review all the facts and circumstances to determine if each area in reality constitutes a single place or premise for video game machines. In determining whether each entity is in fact a single place or premises, the Department of Revenue will consider the following factors: (1) Does each entity or business have a separate electric utility meter? *(2) Does each entity or business have at least one separate employee on the premises during business hours?* (3) Does each entity or business have a separate local business license where required? (4) Does each entity or business have a separate state sales tax license? A positive answer to these four questions is required for each area to be considered a "single place or premise" for the purposes of The Video Game Machines Act. (emphasis added)

The Department contends that the purpose of the regulation is to provide a high degree of certainty in defining what constitutes a "single place or premises" and that "on the premises" means exactly what it says. The Department asserts that the most consistent view is the plain language of "on the premises" which limits the employee to the physical space of the four walls. The Department argues that the ALJ committed error in applying the provisions of Regulation 117–190, based on the plain language of the statute and regulation, the legislature's intent in its enactment of the Video Game Machine Act (VGMA), and in failing to give deference to the Department's long standing administrative application of these provisions. We disagree.

The Department also contends that the facts in this case parallel those in *McNickel's, Inc., v. South Carolina Department of Revenue,* 331 S.C. 629, 503 S.E.2d 723 (1998). We agree. In *McNickel's,* we found that the Department did not exceed its authority in imposing an employee requirement under Regulation 117–190. We noted that "[w]ithout at least one employee, it would be possible for video poker operators to largely circumvent the 'single place or premises' requirement by securing separate licenses for technically separate, but practically joined, businesses." However, we also noted that "[d]uring the inspection only *one* employee was found in the common area of the business (*i.e. each business did not have at least one of its own employees present* )." (emphasis added) The problem in *McNickel's* was not that the employee was in the common area, but that there was only one employee and two businesses.

In this particular case, the revenue officers found two employees in the common area, one for each business. Since there were no customers in the rooms, and since customers could not get into the rooms without walking past the employees, we agree with the ALJ and the circuit court that there was no violation.

Under the specific facts of the present case, we AFFIRM the decision of the circuit court.

TOAL, MOORE, BURNETT, JJ., and Acting Justice ALISON RENEE LEE, concur.