STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE, v. MAYHEW PRODUCTS CORPORATION, APPELLANT.

281 N. W. 2d 783

Filed July 31, 1979. No. 42392.

R. Steven Geshell of Robak and Geshell, for appellant.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr. and Randall E. Sims, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The plaintiff, State of Nebraska, Department of Roads, brought this action against the defendant for

a mandatory injunction requiring defendant to remove an outdoor advertising sign located within 660 feet of the right-of-way of an interstate highway. The District Court found generally in favor of the plaintiff, granted the injunction, and ordered the defendant to remove the sign. The defendant has appealed.

This proceeding was filed July 18, 1972. The case was tried to the District Court in 1978 on a stipulation of facts. On July 15, 1970, Elizabeth Opp, the owner of the land upon which the sign was located, executed a written agreement granting the defendant the right to erect and maintain advertising signs upon the land for a period of 5 years. On January 25, 1972, defendant entered into a contract with Masten's Campers Haven to prepare and erect an outdoor advertising display on the site. Construction of the sign began on February 2, 1972, and actual installation on the site began on March 21, 1972. As of March 27, 1972, the four support poles and two crossbars had been erected and installed. No facing, trim, ornamentation, or lighting had been attached to the poles as of that date. By April 20, 1972, the Masten sign was in place and completed except for lighting. The sign is within 660 feet of the right-of-way of Interstate Highway No. 80, and the sign has been maintained there since its erection.

L.B. 1181, Laws of 1972, now section 39-1320 et seq., R. R. S. 1943, became effective March 27, 1972, and, among other things, made it unlawful to place advertising signs along any interstate highway without a written permit from the Department of Roads. Violation of any of the provisions of the act is a misdemeanor. The act also contained exceptions for advertising signs lawfully erected or in existence prior to March 27, 1972, and authorized the Department of Roads to acquire or condemn interests in real or personal property necessary to exercise the power granted to it under L.B. 1181.

No permit for the erection of the sign involved here has been requested or acquired by the defendant from the department, and notice to remove the sign was given to the defendant on April 27, 1972. The Department of Roads has not instituted any condemnation action against the defendant, Mayhew Products Corp., or Opp, or Masten's Campers Haven.

On May 3, 1978, the District Court found generally in favor of the plaintiff, granted an injunction "until such time as defendant complies with L.B. 1181," and ordered the defendant to remove the sign within 30 days.

Defendant contends that sections 39-1320 to 39-1320.11, R. R. S. 1943, inclusive, are unconstitutional as applied to the defendant. Defendant asserts that the statutes constitute a taking of property without just compensation, deprive defendant of property without due process of law, impair the obligation of contracts, and impose retroactive provisions constituting ex post facto laws. We disagree.

The statutes involved here were adopted by the State of Nebraska to obtain the financial incentives provided by the federal Highway Beautification Act of 1965, as amended. 23 U. S. C., § 131. Virtually all judicial opinions passing upon the constitutionality of legislative restrictions on highway advertising structures enacted to comply with the federal statutes have held that such statutes constitute a reasonable and valid exercise of the police power which bears a substantial relation to the public health, safety, and general welfare. The constitutionality of such statutes has been maintained as against all of the contentions raised by the defendant here. See Annotation, Validity and Construction of State or Local Regulation Prohibiting the Erection or Maintenance of Advertising Structures Within a Specified Distance of Street or Highway, 81 A. L. R. 3d 564. See, also, Yarbrough v. Ark. State Hwy. Comm'n., 260 Ark. 161, 539 S. W. 2d 419 (1976); Mississippi State

Highway Com'n. v. Roberts Ent., Inc., 304 So. 2d 637 (Miss., 1974); Markham Advertising Co. v. State, 73 Wash. 2d 405, 439 P. 2d 248 (1968). The latter case points out that the exercise of reasonable restrictions under the police power does not constitutionally require the payment of compensation and that almost half of the states which have enacted legislation under the federal authorization have made no provision for payment of compensation under their statutes.

Section 39-1320.01, R. R. S. 1943, authorizes condemnation and requires payment of just compensation for the removal of outdoor advertising signs, displays, and devices "lawfully erected or in existence prior to March 27, 1972, and not conforming to the provisions of this act except as otherwise authorized by this act; * * *."

In the present case a major issue was whether the particular sign involved here was "lawfully erected or in existence prior to March 27, 1972." The District Court found generally for the plaintiff, but made no specific finding on the factual issue of whether the sign was in existence prior to March 27, 1972. If it was, compensation would be due under the statute upon any taking or damaging; otherwise it would not.

The Nebraska act states that it is intended to comply with the provisions of 23 United States Code 131, as amended. Title 23, U. S. C., section 131 (e), provides: "Any sign, display, or device lawfully in existence along the Interstate System or the Federal-aid primary system on September 1, 1965, which does not conform to this section shall not be required to be removed until July 1, 1970. Any other sign, display, or device lawfully erected which does not conform to this section shall not be required to be removed until the end of the fifth year after it becomes nonconforming." The 5-year period was intended as an amortization provision. It should be

noted in the case now before us that the sign involved, even if lawfully erected, has now been maintained in place as a nonconforming sign for a period of more than 7 years. At the latest, the sign involved here became nonconforming in April 1972, when its erection was complete, regardless of whether its erection was lawful or unlawful at the time.

We hold that the provisions of sections 39-1320 to 39-1320.11, R. R. S. 1943, constitute a reasonable and valid exercise of the police power which bears a substantial relation to the public health, safety, and general welfare, and that the statutes are constitutional.

L.B. 40 of the 1977 legislative session, operative January 1, 1979, added the following language to the provisions of section 39-1320.10, R. R. S. 1943: "In addition to any other available remedies, the Director-State Engineer, for the department and in the name of the State of Nebraska, may apply to the district court having jurisdiction for an injunction to force compliance with any of the provisions of this act or rules and regulations promulgated thereunder. When any person, firm, company, or corporation deems its property rights have been adversely affected by the application of the provisions of this act, such person, firm, company, or corporation shall have the right to have damages ascertained and determined pursuant to the provisions of Chapter 76, article 7." "[T]his act" refers to the statutes under challenge here, and Chapter 76, article 7, contains the statutes relative to eminent domain.

Section 76-705, R. R. S. 1943, provides: "If any condemner shall have taken or damaged property for public use without instituting condemnation proceedings, the condemnee, in addition to any other available remedy, may file a petition with the county judge of the county where the property or some part thereof is situated to have the damages

ascertained and determined." Obviously, there has been no taking or damaging of defendant's property as yet, and there will be none until the injunctive relief granted by the District Court is carried out. It is also clear, under the present provisions of section 39-1320.10, that an injunction may properly be entered to require compliance with the act prior to the determination of whether any person has, or does not have, a right to damages resulting from the application of the provisions of the act.

For purposes of the eminent domain provisions, the effective date of the injunction must be regarded as the date of any taking or damaging, if there is any right to compensation for any such taking or damaging. In this case the effective date of the injunction granted will now be the date of issuance of the mandate of this court.

Except for such modification in date, the order of the District Court is affirmed. If the defendant can establish that the sign here was lawfully erected or in existence prior to March 27, 1972, the remedy of inverse condemnation is available.

AFFIRMED.