STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE, v. MAYHEW PRODUCTS CORPORATION, A NEBRASKA CORPORATION, APPELLANT, COUNTY OF YORK ET AL., APPELLEES.

318 N.W.2d 280

Filed April 16, 1982. No. 43993.

R. Steven Geshell of Robak & Geshell, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee State.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Mayhew Products Corporation, defendant-appellant herein, appeals to this court from a decree entered by the District Court for York County, Nebraska, requiring it to remove an outdoor advertising billboard located along Interstate 80 near mileage marker 349.2 in York County. The court found that the sign as situated violated Neb. Rev. Stat. § 39-1320.06 (Reissue 1978). It provides in pertinent part: "Except as provided in this act, the erection or maintenance of any advertising sign, display, or device which is visible from the main-traveled way of the National System of Interstate and Defense Highways and the system of federal-aid primary roads of the State of Nebraska is hereby prohibited." Appellant contends, among other things, that the quoted portion of the statute is unconstitutionally vague. We are compelled to agree with appellant in that regard, and must therefore find and declare that the

quoted language of § 39-1320.06 is unconstitutional and unenforceable.

This case was tried before the District Court on October 2, 1980, on a stipulation of facts. The billboard advertises a Country Kitchen restaurant and a Red Arrow Campground. It is visible from the Interstate highway. The sign is owned by the appellant and was erected prior to March 27, 1972, on property which was originally part of the right-of-way of the York County road system. The county road was vacated on April 11, 1978, whereupon fee title to the property passed to Norman D. and Edna A. Erb. Mayhew Products Corporation and the Erbs have entered into a lease to maintain the sign at its present location.

The statute was enacted by the Legislature to comply with the federal Highway Beautification Act of 1965, 23 U.S.C. § 131 (1976). The federal act provides financial incentives to states which prohibit advertising structures along Interstate highways in conformance with the act, for the stated purposes of protecting the public investment in such highways, promoting the safety and recreational value of public travel, and preserving natural beauty. See § 131(a). See, also, Annot., Validity and Construction of State or Local Regulation Prohibiting Off-Premises Advertising Structures, 81 A.L.R.3d 486 (1977); Annot., Validity and Construction of State or Local Regulation Prohibiting the Erection or Maintenance of Advertising Structures within a Specified Distance of Street or Highway, 81 A.L.R.3d 564 (1977); Cunningham, *Billboard Control Under the Highway Beautification Act of 1965,* 71 Mich. L. Rev. 1295 (1973). If a state fails to provide for the effective control of advertising structures adjacent to federal-aid highways, the U.S. Department of Transportation is authorized to withhold 10 percent of the state's apportionment of federal-aid highway funds. See § 131(b).

As originally enacted, § 39-1320.06 (Reissue 1974) provided for the control of advertising structures adjacent to the federal highways as follows: "Except as provided in this act, the erection or maintenance of any advertising sign, display, or device within the area adjacent to and within six hundred sixty feet of the right-of-way of the National System of Interstate and Defense Highways, and the system of federal-aid primary roads of the State of Nebraska, and visible from the main-traveled way of such highway or road is hereby prohibited." That statute complied with the provisions of the federal act, and its constitutionality was upheld by this court in *State v. Mayhew Products Corp.*, 204 Neb. 266, 281 N.W.2d 783 (1979), as a reasonable and valid exercise of the State's police power. We found that the State was entitled to a mandatory injunction to require the removal of an advertising sign located within 660 feet of the right-of-way of the Interstate highway system. We also held that the sign owner had the remedy of inverse condemnation against the State upon proof that the sign was lawfully erected or in existence prior to March 27, 1972, the effective date of the statute.

In 1975 the federal Highway Beautification Act was amended to extend the control over all advertising structures to an area "more than six hundred and sixty feet off the nearest edge of the right-of-way, located outside of urban areas, visible from the main traveled way of the system, and erected with the purpose of their message being read from such main traveled way." See § 131(b). In order to comply with the federal act as amended, the Nebraska Legislature amended § 39-1320.06 in 1975 to provide: "Except as provided in this act, the erection or maintenance of any advertising sign, display or device *which is visible* from the main-traveled way of the National System of Interstate and Defense Highways and the system of federal-aid primary roads of

the State of Nebraska is hereby prohibited." (Emphasis supplied.)

It is well established in this jurisdiction that in construing an act of the Legislature, all reasonable doubt must be resolved in favor of its constitutionality; and the burden of establishing the unconstitutionality of a statute is on the one attacking its validity, because statutes are presumed to be constitutional. *Evans v. Metropolitan Utilities Dist.,* 187 Neb. 261, 188 N.W.2d 851 (1971). See, also, *Aschenbrenner v. Nebraska P. P. Dist.,* 206 Neb. 157, 291 N.W.2d 720 (1980).

However, this court has also stated that the due process clause of the fourteenth amendment of the Constitution of the United States requires that a statute's language must be sufficiently specific that persons of ordinary intelligence must not have to guess at its meaning. The statute must provide adequate notice of what conduct it requires or proscribes, as well as guidelines by which a violation of the statute may be fairly and nonarbitrarily determined. *Linn v. Linn,* 205 Neb. 218, 286 N.W.2d 765 (1980); *Heywood v. Brainard,* 181 Neb. 294, 147 N.W.2d 772 (1967).

We must determine that the 1975 amendment to the statute extending the area regulated from signs located within 660 feet of the Interstate right-of-way to signs visible from the right-of-way is impermissibly vague.

The act fails to define with certainty the extent to which billboards are "visible" under the statute. The "visible" criterion is not vague merely in the sense that it is an imprecise term; rather, the statute fails to specify any standard by which visibility might be measured. The term "visible" as defined in Webster's Third New International Dictionary, Unabridged (1968), contains the following definitions, among others: "capable of being seen," "tangibly present," "easily seen," "conspicuous," "in full

view," and "can readily be seen." Applying these terms to the statute, it is uncertain if visibility is meant to be the legibility of the writing on the billboard from the Interstate right-of-way or the possibility of observing a billboard in the far distance regardless of its legibility from the highway.

In *Grayned v. City of Rockford,* 408 U.S. 104, 108-09, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972), the U.S. Supreme Court stated: "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide *explicit standards* for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." (Emphasis supplied.) See, also, *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972); *Lanzetta v. New Jersey,* 306 U.S. 451, 59 S. Ct. 618, 83 L. Ed. 888 (1939); *Connally v. General Const. Co.,* 269 U.S. 385, 46 S. Ct. 126, 70 L. Ed. 322 (1926); Note, *The Void-for-Vagueness Doctrine in the Supreme Court,* 109 U. Pa. L. Rev. 67 (1960).

We therefore hold that the portion of § 39-1320.06 which prohibits the "erection or maintenance of any advertising sign, display, or device which is visible from the main-traveled way of the National System of Interstate and Defense Highways and the system of federal-aid primary roads of the State of Nebraska" is unconstitutionally vague. The statute pro-

vides no standards by which to calculate with precision the meaning of the term "visible." It creates the risk of ensnaring innocent landowners or lessees and condemns the application of the statutory provisions to arbitrary guesswork by the Department of Roads. This indefiniteness runs afoul of the due process requirements that persons be given fair notice of the conduct to be avoided.

In view of the foregoing analysis and disposition of the case, it is unnecessary to address appellant's other assignments of error.

The decree of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.