I am authorized to state that Brower, D.J., joins in this dissent.

STATE OF NEBRASKA, DEPARTMENT OF ROADS,
APPELLEE, V. ALLAN HOUTWED, DOING BUSINESS AS
PALMER INN, APPELLANT.

320 N.W.2d 97

Filed May 28, 1982. No. 43992.

John R. Brogan of Brogan, McCluskey & Wolstenholm, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

Heard before KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and MURPHY and WHITEHEAD, D. JJ.

MURPHY, D.J.

This is an action for a permanent injunction brought by the State of Nebraska, Department of Roads, against Allan Houtwed, doing business as Palmer Inn, seeking the removal of an advertising sign adjacent to Interstate 80 near York, Nebraska. In its petition the plaintiff alleges authority for its action and the remedy sought under the provisions of Neb. Rev. Stat. § 39-1320.10 (Reissue 1978), which provides in part: "[T]he Director-State Engineer, for the department and in the name of the State of Nebraska, may apply to the district court having jurisdiction for an injunction to force compliance with any of the provisions of this act . . . ."

The petition seeks to enforce the provisions of Neb. Rev. Stat. § 39-1320.06 (Reissue 1978), which prohibits the erection of advertising signs which are visible from the main-traveled way of the Interstate highway system.

The case was tried to the court on stipulated facts, after which the court enjoined the defendant from continuing to maintain the sign and ordered its removal within 60 days. The defendant appeals from this order.

*State v. Mayhew Products Corp., ante* p. 300, 318 N.W.2d 280 (1982), is controlling in this case. The provision of § 39-1320.06 which prohibits the "erection or maintenance of any advertising sign, display, or device which is visible from the main-traveled way of the National System of Interstate and Defense Highways and the system of federal-aid primary roads of the State of Nebraska" was held to be unconstitutionally vague.

The plaintiff further contends that the erection of

the defendant's sign on a county road which is no longer in use but which has not been formally vacated constitutes a violation of Neb. Rev. Stat. §§ 39-703 (Reissue 1978) and 28-1312 (Reissue 1979), which prohibit the erection and maintenance of any obstructions on a public road and provide that such actions constitute a misdemeanor. This issue is not properly before the court and cannot be decided in this case. Under the provisions of Neb. Rev. Stat. § 23-1201 (Reissue 1977), it is the duty of the county attorney "when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor, to prepare, sign, verify, and file the proper complaint against such person and to appear in the several courts of his county and prosecute the appropriate criminal proceeding on behalf of the state and county."

The judgment of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.