**GANNETT OUTDOOR COMPANY OF KANSAS CITY, etc., Appellant,**

v.

**MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Respondent.**

**No. 66906.**

Supreme Court of Missouri,
En Banc.

June 25, 1985.

Robert C. Jones, Clayton, for appellant.

Michael J. Kuster, Asst. Counsel, Bruce A. Ring, Chief Counsel, Mo. Highway & Transp. Com'n, Jefferson City, for respondent.

BILLINGS, Judge.

Consolidated suits by plaintiff sign company seeking to enjoin the removal of three outdoor advertising signs as ordered by defendant highway commission. The trial court rejected plaintiff's various contentions, denied injunctive relief, and ordered the subject signs removed because they

violated the spacing provisions of § 226.-540(3), RSMo 1978. We affirm.

Hanley Road parallels and is immediately adjacent to Highway Interstate 170 in St. Louis County. Plaintiff had erected three signs along Hanley Road in 1973 and 1974. In 1983 plaintiff erected three new signs. Each of the new signs is within 660 feet of the right-of-way of Interstate 170, is on the same side of the highway as the old signs, and is within 500 feet of an older sign.

■ Signs erected contrary to spacing requirements are unlawful and may be subject to removal without compensation. *National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536 (Mo.App. 1977). People who erect unlawful signs have no basis to complain when the highway commission orders removal without compensation. *Id.*

■ In the instant case involving commercial and industrial areas, four elements must be demonstrated to justify the uncompensated removal of the 1983 signs. First, the signs must have been "erected subsequent to March 30, 1972." Section 226.560, RSMo 1978. Second, the signs must be within 660 feet "of the nearest edge of the right-of-way of any interstate or primary highway in areas zoned industrial, commercial or the like and in unzoned commercial and industrial areas." Section 226.540, RSMo 1978. *See* § 226.520, RSMo 1978. Third, each sign must be erected within 500 "feet of an existing sign on the same side of the highway." Section 226.540(3)(a)a, RSMo 1978. Fourth, the sign be "visible from the main traveled way of any highway which is part of the interstate or primary system in this state." Section 226.-520, RSMo 1978. Visible is defined in regulations:

'Visible' means capable of being seen, whether or not legible, without visual aid

by a person of normal visual acuity. A person of normal visual acuity is any person licensed by the state of Missouri to operate a motor vehicle upon the highways of this state.[1]

7 C.S.R. § 10–6.015(30) (1978).

The first three elements are stipulated. Plaintiff argues the older signs were not visible; further, that the visibility test is unconstitutionally vague.

■ The trial court made findings of fact, supported by substantial evidence, that the three older signs are visible from the main-traveled way of Interstate 170. We accept the findings. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Plaintiff argues for additional standards. It claims that the signs are not visible because they only appear in peripheral vision. The legislature, by statute and by authorized regulation, adopted a broader definition of visible.

In *C.L.P. v. Pate*, 673 S.W.2d 18, 20 (Mo. banc 1984), we noted:

Several well-established principles guide us when considering a facial attack on the constitutionality of duly enacted legislation. A statute is presumed constitutional and will not be declared unconstitutional unless it clearly and undoubtedly violates some constitutional provision. *In Matter of Trapp*, 593 S.W.2d 193, 202 (Mo. banc 1980), appeal dismissed, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982). Where the words of a statute are of common usage and understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty,; but if the terms are of such uncertain meaning, or so confused that courts cannot discern with reasonable certainty what is intended, the statute is void. *Lincoln Credit Co. v. Peach*, 636

---

1. The Federal definition is quite similar: Visible means capable of being seen (whether or not legible) without visual aid by a person of normal visual acuity.

23 C.F.R. § 750.102(S) (1984).

S.W.2d 31, 36 (Mo. banc 1982), appeal dismissed, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980). Absolute certainty and definiteness of the statute is not required.

In *Carter v. South Carolina Department of Highways & Public Transportation,* 279 S.C. 332, 306 S.E.2d 614 (1983), the court concluded visible means receivable by the eye, and it was error to engraft discernible onto visible. The same would be true here. Nebraska's original spacing statute regulated signs that were within 660 feet of interstate highways and visible from the main-traveled way of the highway. The statute was held constitutional. *State v. Mayhew Products Corp.,* 204 Neb. 266, 281 N.W.2d 783 (1979). An amended spacing statute regulated all signs visible from the highway. It was declared unconstitutionally vague because visible did not indicate whether the sign had to be legible. *State, Department of Roads v. Mayhew Products Corp.,* 211 Neb. 300, 318 N.W.2d 280 (1982). Missouri's statute resembles Nebraska's constitutional statute and the highway commission's regulations clarify the legibility problem. The visibility test is not unconstitutionally vague.

The judgment is affirmed.

RENDLEN, C.J., HIGGINS, BLACKMAR, DONNELLY, WELLIVER, JJ., and FINCH, Senior Judge, concur.

GUNN, J., not sitting.