STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE, V.
POPCO, INC., SIGN OWNER AND LANDOWNER, APPELLANT.

528 N.W.2d 281

Filed March 3, 1995.   No. S-93-184.

Tim B. Streff and J. Patrick Green, of Wintroub, Rinden & Sens, for appellant.

Don Stenberg, Attorney General, and K. Osi Onyekwuluje for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

Popco, Inc., appeals the judgment of the Douglas County District Court which ordered Popco to remove the contents (the two advertisements) of a billboard from its property and enjoined Popco from maintaining on its property any sign which violates state law and the regulations of the Nebraska Department of Roads.

## SCOPE OF REVIEW

The burden of establishing the unconstitutionality of a statute is on the one attacking its validity. *State ex rel. Stenberg v. Douglas Racing Corp.*, 246 Neb. 901, 524 N.W.2d 61 (1994); *Henry v. Rockey*, 246 Neb. 398, 518 N.W.2d 658 (1994).

The constitutionality of a statute or ordinance is a question

of law; accordingly, the Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *Howard v. City of Lincoln*, 243 Neb. 5, 497 N.W.2d 53 (1993).

## FACTS

In 1980, Popco, Inc., erected a sign within 660 feet of the south side of Interstate 80 at or near mile post 448.5 in Douglas County on land owned by Popco. The Nebraska Department of Roads (State) brought this action, seeking a permanent injunction (1) requiring Popco to remove the sign, which is visible from the Interstate, and (2) enjoining Popco from maintaining a sign which violates state law and the regulations of the Department of Roads.

At the commencement of the action, the sign advertised the soft drink Dr Pepper and Little King sandwich shops. At the time of trial, the sign advertised Dr Pepper and Ideal Pure Water. Popco owns a building that is located on the same tract of land as the sign. The building is leased to a leather-tanning business. A machine on the premises offers soft drinks, including Dr Pepper, but Ideal Pure Water is not available on the premises.

Interstate 80 is designated as a part of the National System of Interstate and Defense Highways and/or federal-aid primary road system of the State of Nebraska. The State claimed in its amended petition that the erection and maintenance of Popco's sign violated the highway laws of the State of Nebraska set forth in Neb. Rev. Stat. § 39-1320.06 (Reissue 1993) and 410 Neb. Admin. Code, ch. 3, § 002 (1983). The State alleged that by refusing to remove the sign, Popco had caused irreparable injury to the welfare and safety of the general public in that the state was subject to loss of a substantial portion of its federal highway funds if the state failed to adequately control advertising along the Interstate. The State also asserted that there was no adequate remedy at law.

Popco alleged in its answer that the State sought to remove Popco's property without just compensation, in violation of the 5th and 14th Amendments to the U.S. Constitution and in violation of article I, § 21, of the Nebraska Constitution; that

§ 39-1320.06 is unconstitutionally vague; and that the prohibition of off-premises advertising is not reasonably related to any valid governmental objective or consideration falling within the police power of the State of Nebraska. Popco contended that § 39-1320.06 and the rules and regulations promulgated thereunder violate the Nebraska Constitution and the Equal Protection Clause of the 14th Amendment of the U.S. Constitution. In the trial court, Popco made no direct assertion that the statute in question violates article III, § 18, of the Nebraska Constitution.

Following a trial on the issues, the district court for Douglas County found that the constitutional issues raised as affirmative defenses by Popco had no merit and, relying upon *State v. Mayhew Products Corp.*, 204 Neb. 266, 281 N.W.2d 783 (1979), found that the statutes governing highway advertising signs were constitutional. The court ordered Popco to remove the contents (the two advertisements) of the billboard within 60 days and enjoined Popco from maintaining any sign on the property which was contrary to the statutes of the State of Nebraska and the rules and regulations of the Department of Roads. Popco appeals; we affirm.

## ASSIGNMENT OF ERROR

Popco's sole assignment of error is that the district court erred in failing to find § 39-1320.06 in violation of article III, § 18, of the Nebraska Constitution.

## ANALYSIS

We have stated that in addressing a constitutional challenge to a statute, the issue is whether the statute impinges on some fundamental constitutional right or whether the statute creates a suspect classification. *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992). "When a fundamental right or suspect classification is not involved in legislation, the legislative act is a valid exercise of the police power if the act is rationally related to a legitimate governmental purpose." *State v. Two IGT Video Poker Games*, 237 Neb. 145, 149, 465 N.W.2d 453, 458 (1991). Accord *Robotham v. State, supra.* The burden of establishing the unconstitutionality of a statute is on the one attacking its validity. *State ex rel. Stenberg v. Douglas Racing*

*Corp.*, 246 Neb. 901, 524 N.W.2d 61 (1994); *Henry v. Rockey*, 246 Neb. 398, 518 N.W.2d 658 (1994).

In this case, we focus on whether § 39–1320.06 creates a suspect classification. Popco's argument on appeal is apparently based upon the theory that statutes prohibiting off–premises signs are unconstitutional because they create two classes of advertising, in violation of the constitutional guarantee of equal protection. Article III, § 18, of the Nebraska Constitution provides that the Legislature shall not pass local or special laws "[g]ranting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise . . . ." This constitutional provision "concerns itself with disparate treatment in much the same manner as does the language of [the 14th Amendment to the U.S. Constitution], which prohibits a state from making or enforcing any law which denies any person within its jurisdiction 'the equal protection of the laws.' " *Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846, 849, 443 N.W.2d 566, 570 (1989).

A legislative act can violate Neb. Const. art. III, § 18, as special legislation in one of two ways: (1) by creating a totally arbitrary and unreasonable method of classification, or (2) by creating a permanently closed class. *Haman v. Marsh*, 237 Neb. 699, 467 N.W.2d 836 (1991). A legislative classification, in order to be valid, must be based upon some reason of public policy—some substantial difference of situation or circumstances—that would naturally suggest the justice or expediency of diverse legislation with respect to objects to be classified. *Id.* Classification is proper if the special class has some reasonable distinction from other subjects of like general character, which distinction bears some reasonable relation to the legitimate objectives and purposes of the legislation. *Id.*

Popco argues that the primary difference between on–premises signs and off–premises signs is their impact on federal highway funding. The statutes governing highway advertising signs were enacted in order to obtain financial incentives provided by the federal Highway Beautification Act of 1965. *State v. Mayhew Products Corp.*, 204 Neb. 266, 281 N.W.2d 783 (1979). One of the "state highway purposes" is "[t]he control of outdoor advertising which is visible from the

nearest edge of the right-of-way of the National System of Interstate and Defense Highways and all federal-aid primary roads, to the end that this state may comply with the provisions of 23 U.S.C. 131, as amended." Neb. Rev. Stat. § 39-1320(2)(m) (Reissue 1993).

The statute under attack, § 39-1320.06, provided in part:

> Except as provided in this act, the erection or maintenance of any advertising sign, display, or device which is visible from the main-traveled way of the National System of Interstate and Defense Highways and the system of federal-aid primary roads of the State of Nebraska is hereby prohibited. On-premise [sic] signs, directional and official signs, and notices as defined and controlled in the department's rules and regulations shall be permitted.

The State alleged that Popco's sign is not an on-premises sign, which is a sign that consists solely of the name of the establishment or identifies the establishment's principal or accessory products or services offered on the property on which the sign is located. Signs for which the property owner receives compensation are not considered on-premises signs. See 410 Neb. Admin. Code, ch. 3, § 002.01J (1983). Off-premises signs are not allowed in the "bonus area," which is "[t]hat area along the Interstate System in which the State has controlled outdoor advertising in order to be eligible for an increase in the Federal share of one half of one per centum of the total cost thereof as provided for in Title 23, U.S.C. Section 131." See 410 Neb. Admin. Code, ch. 3, § 002.01A (1983).

Popco's sign cannot be considered an on-premises sign for two reasons. First, the sign is located on the same property as a leather-tanning operation, but the sign itself advertised soft drinks, water, and a sandwich shop. Although evidence was received that a soft-drink machine was located on the premises which houses the leather-tanning business, that does not support a finding that Dr Pepper was a principal or accessory product of the business. Second, evidence was received which showed that Popco was paid $1,000 per month for advertising the soft drink on the sign.

We disagree with Popco's claim that there is no substantial

difference between on-premises signs and off-premises signs. An on-premises sign's purpose is to inform the traveling public as to the location of a business on the property. The distinction between on-premises signs and off-premises signs is necessary to limit the number of signs erected. It is not difficult to predict the extensive proliferation of signs which would occur along the Interstate if off-premises signs were allowed without regulation. The classification of on-premises signs and off-premises signs is a reasonable method of controlling the number of signs along the Interstate and bears a rational relationship to the goal of public health and safety. The classification also bears a rational relationship to the legislative intent that the state comply with federal regulations concerning highway advertising.

In *State v. Mayhew Products Corp., supra*, the State sought an injunction requiring the removal of an outdoor advertising sign located within 660 feet of the right-of-way of an interstate highway. We affirmed the trial court's entry of an injunction and order for removal of the sign. The defendant had contended that the statutes governing highway advertising signs were unconstitutional because they constituted a taking of property without just compensation, deprived the defendant of property without due process of law, impaired the obligation of contracts, and imposed retroactive provisions constituting ex post facto laws. We noted that virtually all judicial opinions have upheld the constitutionality of legislative restrictions on highway advertising structures as a valid exercise of the police power. We held that "the provisions of sections 39-1320 to 39-1320.11, R. R. S. 1943, constitute a reasonable and valid exercise of the police power which bears a substantial relation to the public health, safety, and general welfare, and that the statutes are constitutional." *State v. Mayhew Products Corp.*, 204 Neb. 266, 270, 281 N.W.2d 783, 786 (1979).

It was the Legislature's intent that the state comply with federal regulations concerning highway advertising in order to receive federal funding for highway projects. In this instance, the opportunity to receive federal funding is a reasonable basis for limiting the number of signs which are visible from an interstate highway and is in the interest of the public welfare. The Department of Roads' regulations do not proscribe all

off–premises signs. It is only those signs within the bonus area of the interstate highway which are regulated, and the purpose of the regulation is related to public health and safety.

## CONCLUSION

Popco has not sustained its burden to demonstrate that § 39–1320.06 violates article III, § 18, of the Nebraska Constitution. Therefore, the judgment of the district court is affirmed.

AFFIRMED.