Stephen T. Kuchar, appellant and cross-appellee, v.
Ronald A. Krings, appellee and cross-appellant.
540 N.W.2d 582

Filed December 15, 1995.   No. S-94-618.

Richard E. Mueting, of Mueting & Stoffer, for appellant.

Mark D. Fitzgerald, of Jewell, Gatz, Collins, Fitzgerald & DeLay, for appellee.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, and Connolly, JJ., and Likes, D.J.

Likes, D.J.

## INTRODUCTION

This action for damages was brought by Stephen T. Kuchar as the result of an automobile-pedestrian accident involving Kuchar's daughter. Kuchar sued Ronald A. Krings, who was an employee of the Humphrey, Nebraska, public school system and was the driver of the pickup truck involved in the accident. The suit was brought personally against Krings and not under the Political Subdivisions Tort Claims Act (Act). As an affirmative

defense, Krings alleged that he was acting within the scope of his employment and that Kuchar had failed to comply with the provisions of the Act prior to the institution of the lawsuit. Krings argued in his motion for summary judgment that since he was acting within the scope of his employment, Kuchar was governed by the claims and statute of limitations provisions of the Act. Kuchar, in his reply, challenged the constitutionality of the Act. The trial court overruled Krings' motion for summary judgment. The matter proceeded to trial, and the jury returned a verdict in favor of Krings. Two days after the jury returned its verdict, the trial court found that the Act applied and that the statute of limitations in the Act was not unconstitutional. The court dismissed Kuchar's petition, Kuchar appeals, and Krings cross–appeals.

## STANDARD OF REVIEW

The burden of establishing the unconstitutionality of a statute is on the one attacking its validity. *State ex rel. Stenberg v. Douglas Racing Corp.*, 246 Neb. 901, 524 N.W.2d 61 (1994); *Henry v. Rockey*, 246 Neb. 398, 518 N.W.2d 658 (1994). The constitutionality of a statute or ordinance is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *Chrysler Motors Corp. v. Lee Janssen Motor Co., ante* p. 322, 534 N.W.2d 309 (1995); *State v. Popco, Inc.*, 247 Neb. 440, 528 N.W.2d 281 (1995).

In actions brought pursuant to the Act, the findings of the trial court will not be disturbed on appeal unless they are clearly wrong, and when determining the sufficiency of the evidence to sustain the verdict, it must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *Millman v. County of Butler*, 244 Neb. 125, 504 N.W.2d 820 (1993); *Steinauer v. Sarpy County*, 217 Neb. 830, 353 N.W.2d 715 (1984).

## FACTUAL BACKGROUND

On April 27, 1989, during the late afternoon or early evening, Krings was operating his pickup truck in a southerly

direction on 7th Street in Humphrey, Platte County, Nebraska. At the same time, Jennifer Lynn Kuchar, the 10-year-old daughter of Stephen Kuchar, exited her mother's pickup truck and traversed 7th Street at a point where there was no crosswalk. Krings first saw Jennifer in front of his left front headlight just before his pickup truck hit her. At the time of the accident, it was dark, windy, and raining heavily.

Krings was the head of maintenance for the Humphrey public school system. Immediately prior to the accident, Krings had been to the Farmer's Co-op to pick up two splash-guard cement blocks for the school. Krings, who was operating his private vehicle, was on his way to the school when the accident occurred. Kuchar sued Krings personally in Platte County District Court and argued in the summary judgment hearing that Krings did not have the school district's permission to use his own vehicle for school business and, as such, was not within the scope of his employment at the time of the accident. Kuchar supported his position with the affidavit and deposition of the school superintendent. Krings argued that the action was subject to the provisions of the Act, that the statute of limitations had run on the action, and that Kuchar had failed to file a timely claim with the appropriate political subdivision pursuant to the Act.

The parties, as well as the trial judge, used Robert Heckathorn, the school superintendent, as the primary source for determining whether Krings was acting within the scope of his employment at the time of the accident. Unfortunately, for both parties, as well as the trial judge, Heckathorn's continual equivocation on this central issue prior to the jury trial provided the springboard for the procedural problems which ensued.

On May 23, 1994, the jury trial began. Heckathorn testified to the trial court's satisfaction that Krings was acting within the scope of his employment at the time of the accident. The case was submitted to the jury on May 24, and a verdict was rendered in favor of Krings on that same day.

At trial, the parties stipulated that Krings' employer, Humphrey Public School District No. 67, was a political subdivision and that no one had filed a tort claim with the school district regarding the April 27, 1989, collision. On May

26, 1994, the trial judge sent a letter to the attorneys for Krings and Kuchar informing them as follows:

> Gentlemen:
>
> In reference to the issue of whether or not Mr. Krings was working within the scope of his employment, the Court finds that the defendant *was* working within the scope of his employment, and the Nebraska Tort Claim Act [sic] applies.
>
> The Court further finds that the statute of limitations in the Nebraska Tort Claim Act [sic] is *not unconstitutional* as the Tort Claim Act [sic] is a relinquishment of sovereignty and government can place any limitations it wishes on any relinquishment of sovereignty, and therefore, the Act does not violate the constitution.
>
> As a result, the Court finds generally for the defendant and against the plaintiff on this issue, and the plaintiff's Petition is dismissed.

## ASSIGNMENTS OF ERROR

Kuchar contends that the district court erred in (1) determining that Neb. Rev. Stat. §§ 13-920 and 13-921 (Reissue 1991), which set forth the applicable statute of limitations, were constitutional; (2) determining that Krings was acting within the scope of his employment at the time of the accident; (3) overruling Kuchar's motions for directed verdict and motion for judgment notwithstanding the verdict on the applicability of the "range of vision" rule; (4) giving instructions regarding assumption of risk; (5) overruling Kuchar's objection to the court deciding, rather than the jury, the issue of whether Krings was acting within the scope of his employment; and (6) overruling Kuchar's motion for new trial and dismissing the case. Krings has cross-appealed and assigns as error that the trial court erred in (1) overruling his motion for directed verdict on the issue of the exercise of due care and (2) overruling his motion for directed verdict on the issue of contributory negligence.

## ANALYSIS

We address Kuchar's assignments of error which relate to the Act, as they are dispositive of this case.

Kuchar assigns as error the trial court's determination that Krings was acting within the scope of his employment at the time of the accident. As stated above, Kuchar sued Krings personally, alleging negligence. Krings' defenses included the argument that he was an employee of a Nebraska political subdivision at the time of the accident and was acting within the scope of his employment. Krings argued that the statutes of limitations set forth in Neb. Rev. Stat. § 13–919 (Reissue 1991) should apply.

In support of his motion for summary judgment, Krings submitted an affidavit and a deposition by Heckathorn, superintendent of Humphrey Public School. Kuchar offered a different affidavit of Heckathorn. In each of the three exhibits, Heckathorn vacillated on whether Krings was acting within the scope of his employment while operating his own vehicle at the time of the accident. Because of Heckathorn's equivocation, the trial court overruled Krings' motion for summary judgment.

Toward the end of the trial, and outside the presence of the jury, Heckathorn testified that the school district did not have a policy prohibiting school employees like Krings from using their own vehicles for school business. Other testimony during the trial showed that Krings was responsible for the scheduling of his work hours, that he was en route to place the splash–guard cement blocks on the school building at the time the accident occurred, and that he had utilized his personal vehicle for school business on various other occasions and had not been told that such action was prohibited by his employer.

We agree with the trial court's determination that Krings was acting within the scope of his employment and that the Act applies to Kuchar's lawsuit. However, the timing and procedure utilized by the trial court in making that determination is problematic. Upon the court's determination that the provisions of the Act applied, the case was no longer properly a matter for the jury's determination. As such, the jury should have been discharged prior to beginning its deliberations. Having determined that Kuchar's action should not have been tried to a jury, we need not address Kuchar's assignments of error regarding the jury instructions or those of Krings which are similarly posited.

Kuchar argues in his next assignment of error that if a lawsuit is brought against an employee of a political subdivision, the determination of whether such employee was acting within his or her scope of employment at the time of the incident giving rise to the lawsuit is a question for the jury. Neb. Rev. Stat. § 13-907 (Reissue 1991) requires that "suits brought under sections 13-901 to 13-926 . . . shall be heard and determined by the appropriate court without a jury." Although this case was not originally filed as a political subdivisions tort claim, Krings raised the statute of limitations issue. In *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990), this court stated that failure to follow the appropriate tort claims procedure is an affirmative defense not activated by a general denial in the defendant's answer. The issue of noncompliance must be raised as an affirmative defense specifically expressing the plaintiff's noncompliance.

Neb. Rev. Stat. § 25-221 (Reissue 1989) provides that in any action in which it is claimed that the action is barred by the statute of limitations, any party may move that the issue raised be tried separately before any other issues in the case are tried. The court shall then proceed to determine the issue relating to the statute of limitations before trying other issues in the case. In the case at hand, Krings did receive a bifurcated proceeding to determine whether the action was barred by the statute of limitations, but the final decision was not handed down before the trial on the issue of negligence had commenced. The trial court did not err in refusing to permit the jury to decide the issue of whether Krings was acting within the scope of his employment.

Kuchar's next assignment of error is that the trial court erred in determining that §§ 13-920 and 13-921, which set forth the applicable statute of limitations, were constitutional. The burden of establishing the unconstitutionality of a statute is on the one attacking its validity. *State ex rel. Stenberg v. Douglas Racing Corp.*, 246 Neb. 901, 524 N.W.2d 61 (1994); *Henry v. Rockey*, 246 Neb. 398, 518 N.W.2d 658 (1994). The constitutionality of a statute or ordinance is a question of law; accordingly, the Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *Chrysler Motors*

*Corp. v. Lee Janssen Motor Co., ante* p. 322, 534 N.W.2d 309 (1995); *State v. Popco, Inc.*, 247 Neb. 440, 528 N.W.2d 281 (1995).

Kuchar argues that the Act is unconstitutional because it creates a separate class of citizens who are treated differently from all other citizens. Kuchar further claims that this legislation violates article III, § 18, of the Nebraska Constitution and the Equal Protection Clause of the U.S. Constitution in that it gives certain individuals special or exclusive privileges without a rational basis for such distinction. This court has previously considered these identical issues and found the Act to be constitutional. See *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976).

In *Campbell*, we held that the general test of constitutionality with respect to prohibitions against special legislation is reasonableness of classification and uniformity of operation. Classification is proper if the special class has some reasonable distinction from other subjects of a like general character, which distinction bears some reasonable relation to the legitimate objectives and purposes of the legislation. See *Willis v. City of Lincoln*, 232 Neb. 533, 441 N.W.2d 846 (1989). The question is always whether the things or persons classified by the Act form by themselves a proper and legitimate class with reference to the purpose of the Act. *Id.*

The plaintiff in *Campbell* claimed that the Act is unreasonable and does not operate uniformly, because it puts persons injured by governmental torts in a different class than those injured by private torts and imposes special notice requirements and limitations of actions for claims against governmental subdivisions to which tort claims against private persons are not subject. This court, however, did not accept that argument. The Act creates a single class of tort–feasors, that being all political subdivisions. The Act applies equally and uniformly to all tort claims against a political subdivision. The fact that public agencies, generally speaking, differ from private persons or corporations in many respects is obvious. Under many circumstances, that difference has been held to be sufficient in itself to afford a proper subject for legislative classification. *Campbell v. City of Lincoln, supra.* The

taxpaying public has an interest in seeing that prompt and thorough investigation of claims is made where a political subdivision is involved. The public does not have such an interest as to claims against private persons or corporations. The taxpayers who provide the public treasury with funds have an interest in protecting that treasury from stale claims. *Id.*

Kuchar also argues that the Act creates a class of defendants without a rational basis, which is violative of the state and federal Constitutions. We disagree. In *Randall v. Fairmont City Police Dept.*, 186 W. Va. 336, 412 S.E.2d 737 (1991), the court stated that its research disclosed that almost all, if not all, of the reported precedents from other jurisdictions have rejected equal protection challenges to governmental tort claims acts based upon the argument that such act was not rationally based upon a legitimate state interest. The court stated that such qualified immunity from tort liability to an employee of a political subdivision did not violate equal protection principles. Such employee immunity was consistent, generally, with the political subdivision's qualified immunity, and reasonable because the act imposes employee liability for tort damages proximately caused by the employee's acts or omissions which were manifestly outside the scope of employment or official responsibilities or which were wanton, malicious, reckless, or in bad faith.

We agree with the court's rationale in concluding that the Act is not violative of the Equal Protection Clauses of the state and federal Constitutions. For the reasons set forth above, Krings' cross-appeal has no merit and is dismissed. The judgment of the trial court is affirmed.

AFFIRMED.