FINDAYA W., MINOR DEPENDENT, BY AND THROUGH HER MOTHER AND NEXT FRIEND, THERESA W., APPELLEE AND CROSS-APPELLANT, v. A-T.E.A.M. CO., INC., ALSO KNOWN AS A-TEAM, INC., AND CIGNA PROPERTY AND CASUALTY COMPANY, APPELLANTS AND CROSS-APPELLEES.
SHARMALE M., MINOR DEPENDENT, BY AND THROUGH HER MOTHER AND NEXT FRIEND, SHIRLEY M., APPELLEE AND CROSS-APPELLANT, v. A-T.E.A.M. CO., INC., ALSO KNOWN AS A-TEAM, INC., AND CIGNA PROPERTY AND CASUALTY COMPANY, APPELLANTS AND CROSS-APPELLEES.

546 N.W.2d 61

Filed April 12, 1996. Nos. S-95-836, S-95-837.

Matthew J. Buckley, of Hansen, Engles & Locher, P.C., for appellants.

Steven H. Howard, of Law Offices of Ronald J. Palagi, P.C., for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Two minor children born out of wedlock, Findaya W. and Sharmale M., bringing suit by and through their respective mothers, were awarded workers' compensation benefits due to the death of their biological father (decedent) in the course of his employment with A–T.E.A.M. Co., Inc.

In the Workers' Compensation Court, the minors challenged the constitutionality of a provision in Neb. Rev. Stat. § 48-124 (Reissue 1993) which conclusively presumes that minor children born in wedlock are dependent upon the deceased employee parent but requires children born out of wedlock to prove actual dependency upon the deceased employee parent.

The minors' cases were consolidated for trial in the Workers' Compensation Court and on appeal in this court.

The Workers' Compensation Court held that the provision in § 48-124 for disparate treatment of children born in and out of wedlock is unconstitutional and awarded the minors involved here compensation benefits under the Nebraska Workers' Compensation Act.

A-T.E.A.M. and its workers' compensation insurance carrier, Cigna Property and Casualty Company (defendants), appeal from the compensation court judgment. The minors cross-appeal.

We affirm the workers' compensation trial court. We hold that the disparate treatment of children born in and out of wedlock by § 48-124(3) impermissibly discriminates against children born out of wedlock by requiring those children to assume a heavier burden of proof concerning their dependency than that required of children born in wedlock, who are conclusively presumed to be dependent upon a deceased employee parent, and, therefore, is in violation of the Equal Protection Clause of the U.S. Constitution and Nebraska's constitutional counterpart, Neb. Const. art. I, §§ 1 and 25.

## ASSIGNMENTS OF ERROR

The defendants claim that the workers' compensation court erred in finding that the disparate treatment of children born out of wedlock is unconstitutional and that the minors are entitled to the conclusive presumption of dependency under § 48-124(3), and claim that the review panel erred in awarding the minors attorney fees and interest on unpaid compensation.

In their cross-appeal, the minors claim that the Workers' Compensation Court erred in (1) finding that they did not receive over 50 percent of their support from the decedent; (2) finding that the decedent's fiance, a witness, had no interest in

the cases; and (3) sequestering the minors' mothers at portions of the consolidated trials.

## STANDARD OF REVIEW

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Kelley, ante* p. 99, 541 N.W.2d 645 (1996). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Chrysler Motors Corp. v. Lee Janssen Motor Co.*, 248 Neb. 322, 534 N.W.2d 309 (1995), *cert. denied* ____ U.S. ____, 116 S. Ct. 516, 133 L. Ed. 2d 424. The burden of establishing the unconstitutionality of a statute is on the one attacking its validity. *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995).

In addressing a constitutional challenge to a statute, the issue is whether the statute impinges on some fundamental constitutional right or whether the statute creates a suspect classification. *State v. Popco, Inc.*, 247 Neb. 440, 528 N.W.2d 281 (1995). Statutory classification based on illegitimacy must be substantially related to an important governmental objective. *Clark v. Jeter*, 486 U.S. 456, 108 S. Ct. 1910, 100 L. Ed. 2d 465 (1988). Even when a law may be constitutionally suspect, a court will attempt to interpret it in a manner consistent with the Constitution. *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 540 N.W.2d 318 (1995).

Pursuant to Neb. Rev. Stat. § 48–185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Hull v. Aetna Ins. Co., ante*, p. 125, 541 N.W.2d 631 (1996).

## FACTS

It is undisputed that the decedent, a single male, died in an accident arising out of and in the course of his employment with

A–T.E.A.M. It is also undisputed that Findaya was born July 16, 1988, and Sharmale was born June 12, 1982.

Each of the minors' mothers filed a petition basically alleging that her daughter was actually dependent upon the decedent at the time of his death and that the disparate treatment of children born in and out of wedlock provided in the Nebraska Workers' Compensation Act is violative of the U.S. and Nebraska Constitutions based upon the U.S. Supreme Court holding in *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S. Ct. 1400, 31 L. Ed. 2d 768 (1972).

Neither of the minors' mothers was ever married to the decedent, nor did either mother initiate paternity proceedings against him. According to the testimony of the mothers, the decedent was the biological father of each minor. Each mother testified that the decedent publicly held himself out as the father of her minor child involved here and that more than half of her child's financial support was provided by the decedent.

The trial court found that each minor proved by a preponderance of the evidence that she is the daughter of the decedent. However, the court further found that neither minor proved that she was actually dependent upon the decedent for more than half of her support at the time of his death, as required under § 48–124.

Nevertheless, the trial court found that each minor involved here is entitled to the same conclusive presumption of dependency that § 48–124 confers upon legitimate children, because requiring a child born out of wedlock to prove actual dependency violates the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. Thus, the trial court ordered the defendants to pay benefits provided by the Nebraska Workers' Compensation Act to the minors.

The defendants applied for review to a Workers' Compensation Court review panel, which affirmed the judgment of the trial court and ordered the defendants to pay attorney fees of $2,000.

## ANALYSIS

Section 48–124 states in relevant part:

The following persons shall be conclusively presumed to be dependent for support upon a deceased employee: . . . (3) a child or children under the age of eighteen years . . . .

The term child shall include a posthumous child, a child legally adopted or for whom adoption proceedings are pending at the time of death, an actually dependent child in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of death, an actually dependent stepchild, *or an actually dependent child born out of wedlock.* . . .

. . . .

Actually dependent shall mean dependent in fact upon the employee and shall refer only to a person who received more than half of his or her support from the employee and whose dependency is not the result of failure to make reasonable efforts to secure suitable employment.

(Emphasis supplied.)

Thus, under § 48-124(3), a child under the age of 18 is conclusively presumed to be dependent for support upon the deceased employee unless the child was born out of wedlock, in which event the conclusive presumption does not apply. Instead, the illegitimate child of a deceased employee must prove (1) that she or he was "actually dependent" for more than half of her or his support from the deceased employee and (2) that the child's dependency is not the result of failure of the child to make reasonable efforts to secure suitable employment. This second requirement does not apply in this case because of the tender ages of the two children involved.

The defendants argue that the statute does not violate the Constitution because the state's interest in "facilitating problems of proof" is rationally related to the statute's purpose of continuing support of dependents after casualty. Brief for appellants at 14. Yet, as already stated, the standard of review is not a rational relationship test, but whether the statute is substantially related to an important governmental objective. See *Clark v. Jeter*, 486 U.S. 456, 108 S. Ct. 1910, 100 L. Ed. 2d 465 (1988). A discriminating statute based upon illegitimacy is reviewed under an intermediate scrutiny because Nebraska

has an important interest in protecting the needs and interests of children of both wed and unwed parents. See *Friehe v. Schaad, ante* p. 825, 545 N.W.2d 740 (1996).

In finding § 48–124(3), providing for the disparate treatment of children born in and out of wedlock, unconstitutional, the trial court relied upon the U.S. Supreme Court holding in *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S. Ct. 1400, 31 L. Ed. 2d 768 (1972). In *Weber v. Aetna Casualty & Surety Co.*, the Court addressed the right of dependent unacknowledged illegitimate children to recover Louisiana workers' compensation benefits for the death of their natural father. For purposes of recovery under workers' compensation, Louisiana law did not include illegitimate children unless acknowledged by the father.

The *Weber* Court held that Louisiana's denial of equal recovery rights to dependent unacknowledged illegitimate children violates the Equal Protection Clause of the 14th Amendment. Louisiana argued that the state has an interest in protecting legitimate family relationships. However, the Supreme Court responded that it cannot be thought that persons will shun illicit relations because the offspring may not one day reap the benefits of workers' compensation.

The Court did not address the constitutionality of La. Rev. Stat. Ann. § 23:1251 (West 1964), which granted a conclusive presumption of dependency upon the deceased employee to a child under the age of 18 years who was living with the parent at the time of the parent's accident. The Court noted that § 23:1251 did not exclude illegitimate children and emphasized that the holding in *Weber v. Aetna Casualty & Surety Co.* requires equality of treatment between two classes of persons the genuineness of whose claims the state might in any event be required to determine.

Therefore, *Weber v. Aetna Casualty & Surety Co.* is persuasive but does not directly consider excluding illegitimate children from a conclusive presumption of dependency or the state's claim of an interest in "facilitating problems of proof."

The U.S. Supreme Court has upheld statutes analogous to § 48–124 under a more lenient review of whether the statute is rationally related to a legitimate state purpose of administrative

convenience in resolving problems of proof. See, *Parham v. Hughes*, 441 U.S. 347, 99 S. Ct. 1742, 60 L. Ed. 2d 269 (1979) (wrongful death statute); *Mathews v. Lucas*, 427 U.S. 495, 96 S. Ct. 2755, 49 L. Ed. 2d 651 (1976) (provisions of the Social Security Act).

Since these cases were decided, the U.S. Supreme Court has heightened the level of scrutiny of statutes which discriminate based on illegitimacy. See *Clark v. Jeter, supra.* Furthermore, this court has held that the equal treatment of legitimate and illegitimate children is an important governmental objective. See *Friehe v. Schaad, supra.* See, also, *Shoecraft v. Catholic Social Servs. Bureau*, 222 Neb. 574, 385 N.W.2d 448 (1986). Therefore, we review statutory discrimination based on illegitimacy in the same manner that we review gender–based discrimination. See *Clark v. Jeter, supra.*

The U.S. Supreme Court addressed a Missouri statute that is analogous to § 48–124(3) using the stricter standard of review we employ in the case at bar. In *Wengler v. Druggists Mutual Ins. Co.*, 446 U.S. 142, 100 S. Ct. 1540, 64 L. Ed. 2d 107 (1980), the Court considered the constitutionality of a statute under which a widow is presumed dependent upon her husband's earnings but a widower is not entitled to death benefits unless he either is mentally or physically incapacitated from wage earning or proves actual dependency on his wife's earnings. The stated government objective was administrative efficiency in presuming dependency in the case of women. The *Wengler* Court held that administrative convenience does not justify gender–based discrimination because to give a mandatory preference to members of either sex over members of the other, merely to accomplish the elimination of hearings on the merits, is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause.

Just as the statute held unconstitutional in *Wengler v. Druggists Mutual Ins. Co.* discriminated based on gender for the sake of administrative convenience, so too does § 48–124(3) discriminate against illegitimate children for the sake of convenience.

A state may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children

generally. *Gomez v. Perez*, 409 U.S. 535, 93 S. Ct. 872, 35 L. Ed. 2d 56 (1973). Furthermore, Nebraska has an important interest in protecting the needs and interests of children of both wed and unwed parents. *Friehe v. Schaad, ante* p. 825, 545 N.W.2d 740 (1996). While the court recognizes lurking problems with respect to proof of paternity, those problems cannot be made into an impenetrable barrier that works to shield invidious discrimination. *Gomez v. Perez, supra.*

"Facilitating problems of proof" does not justify discrimination against illegitimate children, when the state has an important governmental objective of caring for all children regardless of whether they are born in wedlock.

Therefore, we hold that § 48–124(3) is in violation of the Equal Protection Clause of the U.S. Constitution and Nebraska's constitutional counterpart, article I, §§ 1 and 25, because it discriminates against illegitimate children by mandating a heavier burden of proof as opposed to a lesser burden of proof required of legitimate children. This statutory discrimination is not substantially related to an important governmental objective.

By affirming the trial court's finding that the disparate treatment of children born in and out of wedlock is unconstitutional, we necessarily dispose of all other assigned errors.

## CONCLUSION

We hold that § 48–124(3) impermissibly discriminates against illegitimate children applying for workers' compensation benefits by requiring that illegitimate children prove actual dependency upon a decedent employee while granting legitimate children a conclusive presumption of dependency upon the decedent employee. As a result of such discrimination, § 48–124(3) violates the Nebraska and U.S. Constitutions. Therefore, we affirm the Workers' Compensation Court's order finding that the minors involved here are entitled to benefits under the Nebraska Workers' Compensation Act.

AFFIRMED.